[No. 4750.   Decided December 23, 1903.]

E. F. JOHNSON *et al., Respondents,* v. WATSON H. BROWN
*et al., Appellants.*[1]

BOUNDARIES—GOVERNMENT MEANDER—LAKE SHORE—TITLE OF
UPLAND OWNER.  Lands lying between the government meander
line of a navigable lake and the line of ordinary high water is
the property of the upland owner, the meander being only for
the purpose of ascertaining the area.

EJECTMENT—DEFENSES—ADVERSE POSSESSION—WHEN CONTIN-
UOUS—EVIDENCE OF ABANDONMENT—SUFFICIENCY.  Where in eject-
ment it appears that defendant, a squatter, who claimed by ad-
verse possession for ten years, had attempted to enter the land
in dispute as a homestead, and that, after the land department
rejected his entry, he sold his improvements and went away for
several months, there was sufficient evidence of abandonment to
support a verdict for the plaintiff upon the theory that his pos-
session had not been continuous, although it appeared that he
afterwards returned and resumed possession, built a house, and
commenced to pay taxes.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered April 11, 1903, upon the ver-
dict of a jury rendered in favor of the plaintiffs in an
action of ejectment.  Affirmed.

*John E. Humphries* and *Harrison Bostwick,* for appel-
lants.

*Henry W. Lung* and *C. W. Corliss,* for respondents.

PER CURIAM.—This is an action in ejectment by re-
spondent E. F. Johnson to recover lot 10, block 10,
Burke's Addition to the city of Seattle.  Appellants claim
title by right of open, notorious, adverse possession for
more than ten years prior to the commencement of this
action.  The land in question is a part of lot 1, sec. 19,

[1]Reported in 74 Pac. 677.

tp. 25, N., R. 4 E., W. M. The township was surveyed by the United States government in the year 1855, and the northeast corner of sec. 19 was described as being on the meander line on the west shore of Lake Union, when in fact it stood a few rods west from the shore of said lake, leaving a strip of land containing about two and one-half acres between the meander line and the waters of the lake. The small piece of land extending into the lake at this point is designated by the government surveyor as lot 1.

In the year 1866 the United States patented said lot 1, together with other lands, to one Henry A. Webster, and in 1883 all of lot 1, including the land in controversy, was platted into lots and blocks, and became Burke's First Addition to the city of Seattle. Lot 10 comprises a portion of the land lying between said meander line and the lake, and plaintiff claims title thereto by virtue of mesne conveyances from the United States, and he has paid taxes thereon from 1888 to 1900, inclusive. In the year 1889 defendant Watson H. Brown squatted upon the strip, which embraces the principal part of block 10 and all of lot 10, on the theory that it was in sec. 20, and was government land, subject to homestead entry. The commissioner of the general land office affirmed the decision of the local land office in rejecting Brown's application to file a homestead thereon, and held that there was no land in sec. 20 on the west side of Lake Union, and held substantially that the land in question was in lot 1, sec. 19, which had previously been patented to said Webster.

It is the universal holding of the courts, that lands lying between the meander line of navigable lakes and the line of ordinary high water is the property of the upland owner; that the meandering of the lake is not for the purpose of limiting the amount of land disposed of, but

for the purpose of determining the amount of land within the fractional section for which the purchaser must pay. *Washougal & La Camas T. Co. v. Dalles, etc. Co.*, 27 Wash. 490, 68 Pac. 74. This, it seems to us, determined the legal title to the property. The defendant remained in possession, however, and cleared and fenced the property, and built a cabin thereon, and had the use and benefit of the property until along about the years 1896 or 1897, when he sold some of the improvements and went away to Spokane. After a few months he returned, built a house on the lot in question, and resumed occupancy.

The jury were properly instructed that, if they found from the evidence that the defendant had been in continuous, open, notorious, and adverse possession of the premises for more than ten years, they should find for defendant. The evidence showed, that the land department had decided adversely to the defendant's claim that the tract of land was government land and subject to homestead entry; and that, soon thereafter, he sold substantially everything that was of a movable character, and moved to Spokane. It is true that he returned in a few months, went upon another portion of the strip, built a house, and commenced, for the first time, to pay taxes upon this lot, notwithstanding the plaintiff had previously paid the taxes upon it. The jury was evidently of the opinion that he had abandoned the land when he sold his improvements and went away. This was the controlling question in the case, for if he did abandon the land at that time, then his occupancy could not have been continuous for more than ten years. The jury found for the plaintiff, and the question of continuous, open, and notorious possession being a question of fact, purely within the province of the jury to determine, and there being substantial evidence in the record to support the verdict, the judgment is affirmed.