14    HESSER v. SIEPMANN.

---

[No. 4936.    Decided April 18, 1904.]

SARAH HESSER, *Appellant,* v. HENRY SIEPMANN *et al.,*
*Respondents.*[1]

ADVERSE POSSESSION—PAYMENT OF TAXES—SEVEN YEAR LIMITATION—COLOR OF TITLE—PAPER TITLE ESSENTIAL.    Bal. Code, §§ 5503-5504, providing for the obtaining of title to vacant land by the payment of taxes under color of title for seven years, has no application unless the payment is supported by actual paper title.

ADVERSE POSSESSION—PLEADING—COMPLAINT—HOSTILE CLAIM SHOWN.    A complaint alleging actual, open, notorious, and adverse possession, under color of title and claim of right, is not insufficient as failing to show hostile or exclusive possession.

ADVERSE POSSESSION—CLAIM OF RIGHT—SUFFICIENCY WITHOUT COLOR OF TITLE.    Where a deed of a lot excepted the west twenty feet thereof, upon the erroneous supposition that said west twenty feet extended into the adjoining street, and the grantee took possession up to the line of the street, including the excepted portion, supposing it to be the land purchased, there was sufficient claim of right to support a title by ten years' adverse possession without any color of title thereto, since such possession under claim of right is sufficient without color of title.

[1]Reported in 76 Pac. 295.

Appeal from a judgment of the superior court for King county, Tallman, J., entered April 11, 1903, upon findings in favor of the defendants, dismissing an action to quiet title, after a trial on the merits before the court without a jury. Reversed.

*Fred H. Peterson,* for appellant.

*Greene & Griffiths,* for respondents.

DUNBAR, J.——Appellant brought this action against respondents to quiet her title to the whole of lot 30, in block 72, Gilman Park, situated in Ballard, King county, Washington, and particularly the west twenty feet thereof; also, to enjoin respondents from entering upon said lot 30, and particularly the west twenty feet thereof. The appellant alleged that she and her grantors had been in the actual, open, notorious, and adverse possession, under color of title and claim of right, for more than ten years last past, to wit, since March 6, 1891, and continuously thereafter until the present time. The deeds through which she deraigned title are set forth, one conveying an undivided one-third of said lot 30, excepting twenty feet the full width of the lot on the west, and the other an undivided two-thirds of said lot 30, except twenty feet the full width of the lot on the west.

It is alleged that the appellant and her grantors, at the time of taking possession thereof, on March 6, 1891, made inquiry as to the lines and corners of said lot, and were informed, and verily believed, that the land described in the said two deeds included all the tract of land now claimed by the respondents; that, at the time of purchasing said lot, said appellant and her grantors went into the actual, open, and notorious possession of the land described in their deeds, including all of the west twenty feet of said lot, believing at the said time that the west

twenty feet of said lot was situated west of the east mar-
ginal line of what is now known as Fourth avenue west,
in the city of Ballard; and that, by reason of the afore-
said acts and actual belief of ownership, under and by
virtue of said deeds, appellant and her grantors continued
to hold possession of said land, and held said entire lot,
as now actually occupied, and particularly said west
twenty feet. She also alleged that, for more than seven
years last past, appellant had actually paid all the taxes,
municipal, county, and state, which were levied against
the whole of said lot 30, including the west twenty feet
thereof, and that said taxes were paid under claim of
right and color of title. The lot in dispute is an irregu-
lar lot, and the west twenty feet of the lot reaches the
east boundary of Fourth avenue west. The answer was
practically a denial of the allegations of the complaint.

At the conclusion of the trial, the court found, that the
respondents were the true owners in fee simple of the west-
erly twenty feet of said lot; that the appellant was not
the owner in fee simple, nor in the possession of the
property in controversy, to wit, the westerly twenty feet
of said lot 30; but that the appellant, and her predeces-
sors in interest, had paid, and caused to be paid, a certain
amount of taxes assessed against said lot, including the
westerly twenty feet thereof; and decreed a dismissal of
the action upon the payment to the appellant by the re-
spondents of said amount of taxes.

Appellant contends that judgment should have been
rendered in her favor for two reasons: (1) by reason of
actual, open, notorious, and adverse possession for a period
of more than ten years prior to the commencement of the
action; and (2) by reason of the payment of all taxes
legally assessed thereon for more than seven successive

years, under color of title, to wit, by paying all of said taxes from the year 1891 to the year 1902, inclusive.

It does not seem to us that the appellant's second contention can be sustained. There is no claim here that there was any actual paper title to the west twenty feet of lot 30, and § 5504, Bal. Code, upon which appellant relies, is to the effect that, "every person having color of title made in good faith to vacant and unoccupied land, who shall pay all taxes legally assessed thereon for seven successive years, he or she shall be deemed and adjudged to be the legal owner of said vacant and unoccupied land to the extent and according to the purport of his or her paper title;" and § 5503, in regard to the possession of lands or tenements, is in practically the same language. There being no paper title to ascertain the extent of in this case, it seems to us that the statutes have no application.

But we think that the court erred in finding that appellant was not the owner of the land in controversy, on the first ground claimed, viz., actual, open, notorious, and adverse possession for a period of more than ten years. It was evidently the view of the court that, in order to obtain title by adverse possession, there must have been some instrument in writing of record, or some record title. The court's finding indicates that this was the construction that it placed upon the law, and it also stated that, notwithstanding the fact asserted by counsel for respondents—that the matters of fact alleged in the complaint were disputed—the court regarded the contest as one involving a question of law.

It is also contended by the attorney for the respondents that there was neither good faith nor color of title, such as is required by the statute, shown in this case, and that the complaint was defective as to the first cause of

action because there was no allegation of any hostile or exclusive possession. The allegation that the appellant "is now, and she and her grantors have been, in the actual, open, notorious, and adverse possession, under color of title and claim of right for more than ten years last past," it seems to us, is a sufficient allegation of adverse possession, if adverse possession will work a bar to the bringing of an action for the recovery of real estate, in the absence of a color of title on the part of the party alleging the adverse possession. The qualification "color of title" is generally coupled with that of claim of right, and adverse possession, either under color of title or claim of right, or both, has been held sufficient by this court, in common with most other courts, without the aid of record title. In *Moore v. Brownfield,* 7 Wash. 23, 34 Pac. 199, it was held that actual, uninterrupted, and notorious possession under a claim of right, but without color of title, was sufficient to entitle the possessor to the benefit of the statute of limitations. The language of the court in that case was:

"Actual, uninterrupted and notorious possession under a claim of right is sufficient, without color of title, and such possession need not be adverse to all the world;"

citing *Mather v. Walsh,* 107 Mo. 121, 17 S. W. 755. In *Blake v. Shriver,* 27 Wash. 593, 68 Pac. 330, it is true that this court held that squatters upon unoccupied land in the city of Spokane did not obtain title to said land by reason of a residence thereon for more than ten years; but it was not the intention in that case to overrule any of the preceding cases decided by this court. There, there was no pretense of any claim of right or color of title, by record or otherwise. The land was known to the claimants to be land the title of which was in litigation. The court, in speaking of one of the claimants, said:

"The whole testimony convinces us that the claimant, when he went there, simply squatted upon the land for present convenience; that he had neither color of title nor claim of right to it in any sense whatever; that he did not even intend or think of obtaining title to it, by the statute of limitations or in any other way, at the time he settled upon it, or for many years thereafter; that the occupation was purely permissive, by reason of the circumstances which we have above portrayed; and that it was the intention upon the part of these claimants to reap the benefit to which they are not entitled by now claiming an adverse possession for ten years. It is not such strolling, straggling occupancy as is shown by the testimony in this case that constitutes a notice of adverse possession."

In the case at bar the testimony is to the effect that, at the time the deeds were given to this appellant and her husband, it was the understanding that the west twenty feet, excepted by the deed from lot 30, was that portion of the lot which was occupied by Fourth avenue west; that the lot which was purchased reached to the west line of said street or avenue; and that there was no intention to purchase a lot with twenty feet intervening between the west boundary of the lot purchased and the street. This, it seems to us, brings the case squarely within the rule announced in *Flint v. Long,* 12 Wash. 342, 41 Pac. 49, where it was held that, where land had been platted into lots by actually staking it out on the face of the earth, a deed purporting to convey certain of the lots was sufficient to constitute a color of title for a bona fide entry, although the recorded plat of the lands might not include such lots within the bounds of the platted tract as described therein. The court, in dscussing that case, said:

"Conceding the necessity under the provisions of our statute, to show color of title on the part of the respondent in this case,—a question upon which we do not now

pass,—it seems to us that such color of title was fairly shown. All that is necessary to be shown is that there was a proof of colorable title under which the entry or claim has been made in good faith. The land in question was purchased by the respondents and the platting on file merely represented the lots as staked out upon the ground, and a deed to certain lots purporting to convey land actually staked out upon the face of the earth to correspond with the deed, would certainly be a purchase and an entry thereunder, if such entry was made in good faith."

While in the case at bar the land was not actually staked out, the principle is the same, if it was the intention, on the one hand, to convey, and on the other, to purchase, the land reaching to the street, although a mistake was made in the description in the deed which was actually executed. We decided in *Bowers v. Ledgerwood,* 25 Wash. 14, 64 Pac. 936, that the inclosure of the lands of another within a fence, built by the adjoining owner under the mistaken impression that such fence constituted the boundary line, and the occupancy, cultivation, and improvement of such inclosed lands for a period beyond the statute of limitations, was sufficient to constitute title thereto by adverse possession. This case, it seems to us, is directly in point, and, while the amount of improvements in the case cited was vastly more than in the case at bar, the principle—so far as the question of mistaken boundary is concerned—is exactly the same.

Without reviewing the testimony, we think there was sufficient to show actual, adverse possession and improvements, under claim of right. Such being the case, the judgment is reversed, and the case remanded, with instructions to the lower court to enter judgment in favor of the appellant.

FULLERTON, C. J., and MOUNT, HADLEY, and ANDERS, JJ., concur.