[No. 5141.   Decided May 1, 1905.]

MARY E. WILCOX et al., Appellants, v. SARAH JANE SMITH et al., Respondents.[1]

ADVERSE POSSESSION—BOUNDARIES—MISTAKE—CLAIM OF RIGHT —LINE IN DOUBT. Where it is found that the location of a section line is in doubt, and the owners of a lot which overlapped the section line repeatedly stated that they claimed only to the line, and disclaimed any ownership of the portion of the lot west of the line, all of which had been enclosed by them for the statutory period, the finding is insufficient to establish title by adverse possession; since the possession must be under a claim of right, and where a party claims to a given line and makes no claim as to where the line is, his adverse possession is limited to the line wherever it may be established.

SAME—LIEN FOR TAXES PAID—APPEAL AND ERROR—OBJECTION NOT RAISED BELOW. Plaintiffs in an action to recover the possession of property claimed by virtue of adverse possession, cannot complain in the supreme court of failure to enforce a lien for taxes paid by them, upon finding for the defendants, where no request was made in the court below for any such relief.

SAME—COSTS—JUDGMENT—WHEN FAVORABLE—WIDTH OF STRIP OF LAND RECOVERED. Where, in an action to recover the possession of land, the defendants claimed up to a certain line, and were awarded the same, the fact that the defendants were mistaken as to the width of the strip does not make the judgment favorable to the plaintiffs so as to entitle the plaintiffs to costs.

Appeal from a judgment of the superior court for Spokane county, Belt, J., entered September 11, 1903, upon findings in favor of the defendants, after a trial before the court without a jury, in an action to recover the possession of land, and also from an order entered October 6, 1903, denying a motion to retax costs.   Affirmed.

*Crow & Williams*, for appellants, cited as directly in point, *Gist v. Doke*, 42 Ore. 225, 70 Pac. 704.   The pay-

[1]Reported in 80 Pac. 803.

ment of taxes is strong evidence of claim of title. *Bellingham Bay Land Co. v. Dibble,* 4 Wash. 764, 31 Pac. 30; *Fletcher v. Fuller,* 120 U. S. 534, 7 Sup. Ct. 667; *Holtzman v. Douglas,* 168 U. S. 278, 18 Sup. Ct. 65. The acts of the defendants did not constitute an interruption of plaintiff's possession. *Prouty v. Tilden,* 164 Ill. 163, 45 N. E. 445; *St. Croix Land & Lum. Co. v. Ritchie,* 78 Wis. 492, 47 N. W. 657; *Burrows v. Gallup,* 32 Conn. 493, 87 Am. Dec. 186; *Lehigh Valley R. Co. v. McFarlan,* 43 N. J. L. 605; *Baldwin v. Durfee,* 116 Cal. 625, 48 Pac. 724; *Pella v. Scholte,* 24 Iowa 283, 95 Am. Dec. 729; *Cary v. Edmonds,* 71 Mo. 523; *Doe v. Clayton,* 81 Ala. 391, 2 South. 24; *Mendenhall v. Price,* 88 Iowa 203, 55 N. W. 321; *McAllister v. Hartzell,* 60 Ohio St. 69, 53 N. E. 715; 3 Ency. of Evidence, 655.

*Danson & Huneke,* for respondents.

PER CURIAM.—On the 5th day of April, 1878, one Glover acquired title to the southwest quarter of the southeast quarter of section 18, tp. 25, N., R. 43 E., W. M., in Spokane county, by patent from the United States. On September 2, 1880, Glover and others platted a portion of said described tract, under the name of "Resurvey and Addition to Spokane Falls." Among the lots and blocks shown on said plat was lot 1, of block 7, which fronted on Front avenue to the south, and extended north one hundred and forty-two feet, with a uniform width of sixty-five and forty-five hundredths feet. The east line of said lot 1 is nine and seventy-two hundredths feet west of the east line of the southwest quarter of the southeast quarter of said section 18.

On June 6, 1882, the defendants Smith and wife acquired title to the east thirty feet of said lot 1, and on

June 8, 1882, said Smith and wife acquired title to the west thirty feet of said lot 1. On March 10, 1893, said Smith and wife acquired title to the whole of said lot 1, and also to the strip of land lying between said lot 1 and the east line of the southwest quarter of the southeast quarter of said section 18, and said defendants are still the owners thereof unless their title has been divested by adverse possession under the facts hereinafter stated.

On June 30, 1880, one Havermale acquired title to the southeast quarter of the southeast quarter of said section 18, under patent from the United States. On the 5th day of March, 1888, a portion of said last described tract was platted under the name of "Havermale's Second Addition to Spokane Falls." Among the lots and blocks shown on said plat was lot 10 of block 1, which fronted on Front avenue to the south thereof. The parties preparing said last mentioned plat erroneously assumed that the east line of lot 1, of block 7, in the Resurvey and Addition to Spokane Falls, above described, coincided with the east line of the southwest quarter of the southeast quarter of said section 18; and the west line of lot 10, of block 1, in said Havermale's Second Addition to Spokane Falls, was thus made to coincide with the east line of lot 1, of block 7, of the Resurvey and Addition to Spokane Falls.

On June 10, 1889, the plaintiff, Mary E. Wilcox, acquired title to lot 10, of block 1, above described, by deed from said Havermale, and still owns the same. The plaintiffs brought this action to recover possession of lot 10, of block 1, of Havermale's Second Addition, above described, and to quiet their title thereto. The defendants, by their answer, claimed title to all that portion of lot 10, of block 1, described in the complaint, lying between the east line of lot 1, of block 7, of Resurvey and Addition to Spokane

Falls, and the east line of the southwest quarter of the southeast quarter of said section 18, and asked to have their title thereto quieted, but disclaimed any interest in that portion of said lot 10 lying east of the east line of the southwest quarter of the southeast quarter of said section 18. A jury was impaneled but, before the cause was submitted, the jury was discharged by consent of the parties, and the cause submitted to the court for decision. Thereafter the court made its findings of fact and conclusions of law, and entered judgment for the defendants. From this judgment the plaintiffs appeal.

The testimony taken at the trial is not before us, and the sufficiency of the findings of fact to support the judgment is the only question here for review. As heretofore stated, the legal title to the strip of land in controversy is in the respondents, and the judgment must be affirmed unless the findings of the court show affirmatively that such title has been divested by adverse possession on the part of the appellants. The only findings bearing upon the question of adverse possession are the following:

"Ninth. That after said plat was made, and to wit, on or about January 10, 1889, said S. G. Havermale and wife executed and delivered to the plaintiff, Mary E. Wilcox, a deed to said lot ten (10), block one (1), in said Havermale's Second Addition, and within two months thereafter said plaintiffs entered into the possession of said lot, and constructed a fence around said lot so as to include all of the lands shown by said lot ten (10), according to the recorded plat of Havermale's Second Addition. That said fence was sufficiently strong and stable to turn stock, and said plaintiffs, from the time of the erection and construction of said fence around said lot, and until about the year 1896, used and continued to use said lot for the purpose of pasturing a horse, and thereafter remained in possession of said lot by themselves or tenants to the commencement of this action except as hereinafter found. . . .

"Thirteenth. That, shortly after plaintiffs went into possession of said lot 10, block 1, Havermale's Second Addition, and to wit, within four years thereafter, plaintiffs knew that the location of the east line of the southwest quarter of the southeast quarter of said section eighteen was in doubt, and said plaintiffs then and there and repeatedly thereafter, down to the commencement of this action, stated to defendants that they did not claim west of the east line of said southwest quarter of the southeast quarter of said section eighteen, and at all times disclaimed any ownership of any land west of said east line of the southwest quarter of the southeast quarter of said section eighteen, and repeatedly proposed to have said line ascertained by a survey, and plaintiffs did not claim any land lying west of said east line of the southwest quarter of the southeast quarter adversely, but recognized and admitted defendants' right and title to the land lying west of said line.

"Fourteenth. That, from the time plaintiffs obtained title to said lot 10, block 1, Havermale's Second Addition, they rented the same and exercised acts of ownership over the same, and defendants Smith and wife claimed ownership of that portion of said land platted as said lot 10, block 1, lying west of the east line of said southwest quarter of the southeast quarter of said section eighteen, and placed large and substantial props and posts thereupon against said livery barn, and cut down and burned a large tree growing upon said tract, and permitted tenants of said livery barn to place vehicles thereupon, and within six years prior to the bringing of this action, constructed a driveway from Front avenue across the sidewalk fronting upon said street, which driveway was immediately torn up by plaintiffs."

There are other findings in relation to the payment of taxes and street assessments, but the claim of the appellants depends upon the construction of the above. We think the above findings are wholly insufficient to establish title in the appellants by adverse possession, for two rea-

sons: First, because the findings do not show title by adverse possession affirmatively; and second, because the findings negatively show that there has been no adverse possession of the strip in dispute. As said by this court in *Balch v. Smith*, 4 Wash. 497, 30 Pac. 648, and repeated in *Blake v. Shriver*, 27 Wash. 593, 68 Pac. 330:

"In our opinion our statute of limitations is like that of most other states, one of adverse possession, and under it the rightful owner of real estate is seized of the same, whether or not he is in actual possession thereof, unless the same is in the actual adverse possession of some other person. This being so, it follows that, when ownership and seizin is once shown, it will be presumed to have continued until such presumption is overcome by allegation and proof of adverse possession in some one else."

The uniform rule is that possession will not ripen into title unless such possession is exclusive, open, notorious, adverse, and, under the above authorities, under a claim of right. The affirmative findings made by the court fall far short of fulfilling these requirements, so far as the claim of the appellants is concerned. Furthermore, the court found that the appellants made no claim to any land lying west of the east line of the southwest quarter of the southeast quarter of said section 18. If the appellants claimed to the east line of the southwest quarter of the southeast quarter of said section 18, and at the same time claimed that the west line of lot 10 as platted coincided with the east line of the southwest quarter of the southeast quarter of said section 18, the claim of appellants would be well founded, provided all the other elements necessary to show title by adverse possession existed. But if a party only claims to a given line, and makes no claim as to where such line is located, his adverse possession is limited to such line wherever the same may be established. The follow-

ing statement of the law by the supreme court of Oregon, in the case of *Caufield v. Clark,* 17 Ore. 473, 21 Pac. 443, 11 Am. St. 845, was approved by this court in *Bowers v. Ledgerwood,* 25 Wash. 14, 64 Pac. 936:

"If one by mistake inclose the land of another, and claim it as his own, his actual possession will work a dis-seizure, but if, ignorant of the boundary line, he makes a mistake in laying his fence, making no claim, however, to the lands up to the fence, but only to the true line as it may be subsequently ascertained, and it turns out that he has inclosed the lands of the adjoining proprietor, his possession of the land is not adverse."

For the foregoing reasons, the findings of the court fully sustain the judgment in favor of the respondents on the question of title.

It is next contended that the court should have enforced a lien in favor of the appellants, for the taxes which the court found they had paid on the strip of land awarded to the respondents. The court might, no doubt, have grant-ed such relief in this action; but, inasmuch as the appellants made no such request in the court below, they will not be heard to complain of the form of the judgment in this court. The court was not bound to grant such relief to appellants of its own motion.

It is next claimed that the appellants were the successful parties, and should have been awarded their costs in the court below. We cannot uphold this view. The respondents were awarded just what they claimed in their answer. It is true, they may have been mistaken as to the width of the strip of land in controversy, but their claim was to the strip of land lying between lot 1, of block 7, of the Resurvey and Addition to Spokane Falls, and the east line of the southwest quarter of the southeast quar-

ter of said section 18, and their claim was, to that extent, fully established by the judgment appealed from.

There is no error in the record, and the judgment is affirmed.