[No. 9353.  Department One.  July 14, 1911.]

JOHN T. NASSA *et al.*, *Appellants*, v. ARTHUR SEABORG *et al.*,
                        *Respondents*.[1]

PUBLIC LANDS — BOUNDARIES — MEANDER AND HIGH TIDE LINES.
Land below the government meander line, and above the line of
high tide at the time of the admission of the state to the Union, is
upland and passes with the government patent of the meandered
upland.

Appeal from a judgment of the superior court for Wah-
kiakum county, Rice, J., entered July 15, 1910, upon findings
in favor of the plaintiff, after a trial on the merits before the
court without a jury, in an action of ejectment.  Affirmed.

*N. H. Bloomfield* (*E. S. Snelling*, of counsel), for appel-
lants.

*C. C. Dalton* (*Herbert W. Meyers*, of counsel), for re-
spondents.

[1]Reported in 116 Pac. 658.

PARKER, J.—The plaintiffs commenced this action to re-
cover from the defendants a tract of land ·in Wahkiakum
county bordering upon the Columbia river. A trial before
the court without a jury resulted in findings and judgment in
favor of the defendants, from which the plaintiffs have ap-
pealed.

Appellants claim title to the land under a deed from the
state of Washington conveying to their predecessors in in-
terest the tide and shore lands of the·second class owned by
the state in front of government lot 4 of sec. 13, tp. 8, N: R.
6 west, W. M. Respondents are in possession of the land in
controversy, have made valuable improvements thereon, and
claim title thereto under a patent from the United States
conveying lot 4 to their predecessors in interest. The right
of appellants to recover depends upon whether or not the land
claimed by them and in possession of respondents was land be-
longing to the state at the time of its giving the deed under
which appellants claim title. Upon this question the trial
court found, in substance, that the land in controversy is a
part of, and belongs˙ to, the government lot 4; that it is all
upland, situated above the line of ordinary high tide of the
Columbia river and between that line and the government
meander line; and that the tide and shore land described in
the deed from the state, under which appellants claim title,
does not include the land claimed by·them in their complaint
in this action. These findings are claimed to be erroneous,
and constitute the principal ground of error relied upon by
appellants for a reversal of the judgment.

The evidence renders it certain that in the year 1905, at
the time of the giving of the deed by the state for the tide and
shore land, under which appellants claim title, the land here
involved was not tide or shore land, but was upland above the
line of high tide and immediately below the government
meander line of lot 4. The finding of the trial court that it
is a part of government lot 4 must have been made upon the
theory that it was upland at the time of the admission of the

state to the Union, and is, therefore, a part of lot 4, notwith-
standing it is between the meander line of that lot and the line
of high tide, under the decisions of this court in *Washougal
etc. Transp. Co. v. Dalles etc. Nav. Co.*, 27 Wash. 490, 68
Pac. 74, and *Johnson v. Brown*, 33 Wash. 588, 74 Pac. 677.
Upon the question of the exact condition of this land at the
time of the admission of the state to the Union, the evidence
is not at all satisfactory.    If, however, it were not for the
certainty existing as to the land being upland in 1905, and
the growth of trees upon it indicating considerable age, we
might be influenced by the testimony of some of the witnesses
to regard it as being formed by accretion since the admission
of the state; and such a view of the facts might lend some sup-
port to the state's title thereto and appellants' claim under
the state's deed.    Const., art. 17, § 1; Rem. & Bal. Code,
§ 6763; *Eisenbach v. Hatfield*, 2 Wash. 236, 26 Pac. 539, 12
L. R. A. 632; *Welsh v. Callvert*, 34 Wash. 250, 75 Pac. 871.

A careful review of the entire record leads us to conclude
that we would not be warranted in disturbing the trial court's
finding that the land is a part of government lot 4, and that it
therefore passed to respondents' grantors under the govern-
ment patent for lot 4.    *Washougal etc. Transp. Co. v.
Dalles etc. Nav. Co.*, and *Johnson v. Brown, supra.*

Other contentions of counsel for appellants we think are
without merit, and in any event are not such as would affect
our disposition of the cause in respondents' favor upon the
grounds we have discussed.    Therefore, they do not call for
further notice.    We find no error.    The judgment is affirmed.

DUNBAR, C. J., FULLERTON, GOSE, and MOUNT, JJ.,
concur.