[No. 14073. Department One. July 25, 1917.]

Ned Bisbee, *Appellant*, v. C. L. Lacky *et al., Respondents.*[1]

Appeal—Statement of Facts—Time for Filing—Statutes. A statement of facts proposed and served prior to the final judgment appealed from and certified as a conceded statement of facts without amendment within thirty days after the judgment, is in time; since, under Rem. Code, §§ 388 and 389, the statement of facts may be filed and served at any time, the only limitation being § 393, providing that it must be filed before or within 30 days after the time begins to run within which an appeal may be taken.

Adverse Possession—Claim of Right—Easements—Evidence—Sufficiency. The open, notorious and continuous use by the public for 25 years of a landing place for small boats and the adjacent land leading to the county road, is insufficient to establish an easement by prescription, where there was no color of title or claim of right; and the presumption that such use was adverse is overcome, where the witnesses testified that they did not use the land under a claim of right and never heard of any one who did.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 18, 1916, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Reversed.

*Jesse Thomas*, for appellant.

*Frank A. McGill* and *W. McB. Perrin*, for respondents.

Morris, J.—Appellant is the record owner of part of lot 3, section 6, township 21 north, range 1 east, in Pierce county, extending from the government harbor area in Balch's Cove, a small arm of Puget Sound, to the shore near the northwest corner of the tract. The land in controversy is covered by the tides, but is held under government patent. In June, 1910, respondents purchased from the appellant twenty acres in the southwest corner of section 31, township 22, lying to the north of lot 3. The south line of this twenty acres is the Glen Cove road which crosses Balch's Cove on a bridge a short distance north of the township line. A short

[1]Reported in 166 Pac. 638.

time prior to the commencement of this action, respondents
asserted a claim to a right of way, beginning at the west
end of the bridge, thence in a southeasterly direction across
lot 3 to the waterway, thence down the cove to the Sound.
Appellant sought in this action to quiet his title against the
claim of respondents. Respondents set up that, as an induce-
ment to the purchase of the twenty acres, appellant held out
the value of the tract by reason of its easy access to the water
along the claimed right of way; and as a separate defense
alleged the open, notorious, continuous and adverse use of the
landing and the right of way by the public for a period of
twenty years. The lower court sustained this last defense
and entered a decree adjudging and establishing an easement
in the public thirty-six feet wide from the west end of the
bridge, across lot 3 to the waters of the cove, thence down
the cove to the Sound, from which decree this appeal is taken.

Respondents move to strike the statement of facts upon
the ground that it was not filed nor served within thirty days
after the time began to run within which an appeal might
be taken. Judgment was first entered September 1, 1916.
On September 5, appellant filed his exceptions and imme-
diately prepared his proposed statement of facts preparatory
to an appeal, and filed and served the same on September 27.
On October 9, an order was entered vacating the first judg-
ment, and on November 18 the judgment appealed from was
entered. Appellant perfected his appeal from this last judg-
ment, and on November 27, no amendments having been pro-
posed, the statement of facts was certified. The statement of
facts was filed within the time provided by law. Section 393,
Rem. Code, provides that the statement of facts must be filed
and served either before or within thirty days after the time
begins to run within which an appeal may be taken. The
only time limitation upon the filing and serving of the state-
ment of facts is thirty days after the judgment becomes final,
unless, as provided by statute, the time be enlarged. There
is no limitation as to the time preceding final judgment within

which the statement may be filed and served, the only limitation is as to the last day. Under §§ 388 and 389, a statement of facts may be filed and served at any time, save for the limitation provided for in § 393. The law never requires the doing of a useless thing. Having filed and served his proposed statement of facts prior to the entry of final judgment, no requirement rested upon appellant to withdraw the same from the files in order to refile and reserve the same within thirty days after the entry of final judgment. The statement was certified on November 27, without amendment or exception, thus coming to us as a conceded statement of facts containing all the matters material to a review of the judgment not otherwise a part of the record. The motion to strike is denied.

Coming now to the merits, the lower court refused to find that, at the time of the purchase of the twenty acres by respondents and as an inducement to the purchase thereof, appellant represented that the land was valuable because of its access to the water, or that respondents would have the use or enjoyment of any part of lot 3. In so refusing to find, we believe the lower court was correct and that part of respondents' contention may be dismissed with the sole comment that the record is insufficient to so find.

Respondents' case must rest or fall upon his plea of an easement in the public. The evidence is sufficient to find that, for more than twenty-five years, the residents of Glen Cove and vicinity have used a small gravelly point in lot 3 as a landing place for small boats, passing thence to the county road, and that such use has been open, notorious and continuous. If these were all the elements necessary to establish adverse possession, respondents' case would be made out. One necessary element is lacking. Such use must be under color of title or claim of right to operate as a disseizin. *Bellingham Bay Land Co. v. Dibble,* 4 Wash. 764, 31 Pac. 30; *Blake v. Shriver,* 27 Wash. 593, 68 Pac. 330; *Hesser v. Siepmann,* 35

15—97 WASH.

Wash. 14, 76 Pac. 295; *Wilcox v. Smith*, 38 Wash. 585, 80 Pac. 803; *Yesler Estate v. Holmes*, 39 Wash. 34, 80 Pac. 851; *Lohse v. Burch*, 42 Wash. 156, 84 Pac. 722; *Ramsey v. Wilson*, 52 Wash. 111, 100 Pac. 177; *Skansi v. Novak*, 84 Wash. 39, 146 Pac. 160; *O'Donnell v. McCool*, 89 Wash. 537, 154 Pac. 1090.

The record presents no claim of color of title. Neither is there proof of claim of right. The evidence goes no further than to show that, for many years, the public made use of this landing place and the land and water adjacent thereto as a convenience. This is insufficient, no matter how long indulged in, to deprive the record owner of his title. We may concede respondents' contention that the use of an easement continued unexplained for the prescribed period will be presumed to have been adverse unless of such a character as to show a mere privilege enjoyed by leave of the owner. It was so held in *Lechman v. Mills*, 46 Wash. 624, 91 Pac. 11, 13 L. R. A. (N. S.) 990. Such presumption is overcome in this case by the evidence of witnesses produced by respondent to show the character of use. These witnesses were asked upon cross-examination either if they used the land in controversy under any claim of right or if they knew or ever heard of any one who did. Both questions were answered in the negative, so that the only evidence in the record as to any claim of right to the use of this landing is that none was ever asserted other than by respondents made a day or two prior to the commencement of this action. As none was made, it is not necessary to determine what would be a sufficient claim of right. This case involves no right of the public to the use of the navigable waters of the cove other than as here determined, that no prescriptive rights have been established as against appellant.

The judgment is reversed, with instructions to enter a decree in favor of appellant.

ELLIS, C. J., CHADWICK, and MAIN, JJ., concur.