(No. 5274. Decided May 8, 1905.)

H. C. ERICKSON, *Appellant,* v. CHRISTINA MURLIN *et al.,*
*Respondents.*[1]

BOUNDARIES—ADVERSE POSSESSION—DETERMINING DISPUTED BOUND-
ARY LINE.  A boundary line between two city lots may be determined
by adverse possession for the statutory period, where the party pur-
chased the lot inclosed by a fence including the twenty-one inches
in dispute, immediately built a house thereon so close to the line
that the drip from the eaves fell upon the strip of land in question,
and resided thereon maintaining the fence in the same place and
improving the disputed strip in the same manner as the balance of
the lot, openly, continuously, and under a claim of right.

Appeal from a judgment of the superior court for King
county, Morris, J., entered March 30, 1904, upon findings
in favor of the defendants, after a trial before the court with-
out a jury, dismissing an action of ejectment.  Affirmed.

*William Wray,* for appellant.

*Winsor & Hadley,* for respondents.

FULLERTON, J.—In this action the appellant sought to
recover from the respondents a tract of land, described as
the north twenty-one inches by one hundred and twenty feet
of lot nine, in block twenty-six, of Sarah A. Bell's Second
Addition to the city of Seattle.  In his complaint the ap-
pellant alleged that he was the owner in fee simple of the
tract described, that the respondents were wrongfully in pos-
session of the same, and wrongfully and unlawfully withheld
such possession from the appellant. The respondents answered,
denying that the tract claimed by the appellant was, or even
had been, a part of lot nine, as alleged in the complaint;
and alleged affirmatively that they and their predecessors
in interest had been in the open, notorious, and exclusive
possession of the tract so claimed since April 5, 1889, hold-
ing the same adversely to all the world.  The appellant put

[1] Reported in 80 Pac. 853.

in issue by a reply the affirmative matter of the answer. The action was tried by the court without a jury, which found with the respondents on all of the issues; finding that the respondents were not in possession of any part of lot nine, mentioned in the complaint, and that they, and their predecessors in interest, had held the tract claimed by the appellant, adversely to all the world for the period of the statute of limitations.

The appellant contends that these findings are against the weight of the evidence; that all of the competent evidence showed that the fence, thought to mark the dividing line between the respective lots of the parties, was twenty-one inches from the boundary line on the appellant's lot; and that such possession as the respondents and their predecessors in interest held of it was held up to the year 1900 under a mere mistake as to the true boundary line, and has only been adverse since that time.

Whether the true boundary line is as contended for by the appellant, or is as found by the court, we shall not inquire, as we think the respondents have title by adverse possession. The record shows that the respondent Murlin and her then husband, E. P. Edsen, purchased lot eight, in the block in question (the lot adjoining the lot now held by the appellant), on April 5, 1889; that the lot was then inclosed by a fence, and that the fence marked the dividing line between lot eight and lot nine at the place where the fence now marks it; that they entered into possession of the lot immediately after its purchase, and, during the summer of that year, erected a house thereon at a cost of two thousand dollars; that they moved into the house and resided therein together until the respondent succeeded to the interests of her husband, since which time the respondent has resided therein by herself. It further appeared that the house was built so close to the fence marking the dividing line between the lot eight and lot nine that the drip of the eaves therefrom falls upon the twenty-one inches in dispute. It also

appeared that, since the entry of the respondent and her husband, in 1889, the possession of the property by respondents has been actual, open, notorious, continuous, and under a claim of right; and that this part of the property has been improved in the same way that other parts of the lot were improved, and the same acts of ownership have been exercised over it as were exercised over such other parts. It seems to us that this is inconsistent with any other theory than that of adverse possession. And unless it is to be held that boundary lines cannot be determined by possession and claim of right upon the one side, and acquiescence upon the other, we know of no reason why the respondents may not claim title by adverse possession in this instance. The general rule, as we understand it, is that boundary lines may be determined by adverse possession, and we so held in *Bowers v. Ledgerwood,* 25 Wash. 14, 64 Pac. 936.

The judgment appealed from is affirmed.

MOUNT, C. J., HADLEY, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.