[No. 6548.  Decided February 13, 1907.]

A. W. THORNELY *et al.*, *Respondents*, v. JULIA L. ANDREWS *et al.*, *Appellants*.[1]

ADVERSE POSSESSION—BOUNDARIES—CLAIM UNDER MISTAKE. The purchaser of a lot erroneously staked out on the ground acquires title by adverse possession up to such supposed line, where he took and held possession for more than ten years, inclosed the same, planted a hedge and trees thereon, graded the same and used it in the usual manner, when the testimony tends to show that he claimed to own up to such line and the correctness of the boundary was never disputed or questioned.

APPEAL — REVIEW — PLEADING — VARIANCE—AMENDMENTS. In an action to recover a narrow strip of land along the side of a lot, slight discrepancies between the pleadings and proof amount to an immaterial variance, where the testimony was received without objection, and on appeal the pleadings will be deemed amended to conform to the facts proved.

SAME—VERDICT—CONFORMITY TO PROOF—DESCRIPTION OF LAND. In an action to recover a narrow strip of land, a verdict giving the plaintiff six inches more land at the street line, and one inch less at the alley, than the testimony warrants, is not within the maxim *lex non minimum curat*, where such excess extends under the eaves of the appellants' house at one corner; and the same will accordingly be modified on appeal.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered May 5, 1906, upon the verdict of a jury rendered in favor of the plaintiffs, after a trial on the merits, in an action to recover the possession of land and for damages.  Modified.

*Thos. D. Hitchcock* and *Emmett N. Parker*, for appellants.

*Ira A. Town*, for respondents.

RUDKIN, J.—On the 18th day of November, 1890, Hattie E. Wells and husband conveyed to Mary E. Young, lot 7, of block 12, of Catlin's Addition to the city of Tacoma,

[1]Reported in 88 Pac. 757.

At or about the same time, the same grantors conveyed to the plaintiffs in this action lots 8 and 9, of the same block. Lot 8 conveyed to the plaintiffs lies immediately south of lot 7 conveyed to Mrs. Young. On the 29th day of March, 1895, Mrs. Young and husband conveyed to Mary S. Clarke; on May 14, 1901, Mary S. Clarke conveyed to the defendant U. F. Giauque, and on June 7, 1904, the defendant Giauque conveyed to the defendant Harry Andrews. At the time the plaintiffs and the Youngs purchased the property, their respective lots were staked off on the ground, a stake at the front of the lots and another at the rear marking the boundary between lots 7 and 8. The parties improved their lots with reference to this boundary and always assumed that the line thus designated was the true boundary. A fence was built on this line from the alley at the rear of the lots to a point about fifteen inches south of the southwest corner of the Young house on lot 7, and was joined to the house at that point. The Youngs graded their lot with reference to this boundary, raising it about six inches above the adjoining lot of the plaintiffs, and the plaintiffs planted a hedge row and some fruit and ornamental trees about two feet south of the north line of lot 8, as indicated and fixed by the stakes referred to. The parties occupied their respective lots in the usual manner up to this line, and there is nothing in the record to indicate that the owners of lot 7 ever questioned or disputed the correctness of the line thus established and agreed upon, until 1903. In the latter year the defendants caused a survey of the lots to be made by Mr. Nicholson, a civil engineer, and this survey established the line between lots 7 and 8, according to the official plat, at a point two feet south of the point indicated by the stakes in existence at the time of the plaintiffs' purchase, at the front end of the lots, and two feet and seven inches south of the like stake at the rear of the lots. The defendants thereupon cut down and destroyed the hedge row and fruit and ornamental trees planted by the plaintiffs on the strip lying between these

lines, and built a fence along the line established by the Nicholson survey. This action was brought by the plaintiffs to recover the strip of land lying between the two controverted lines, and for damages. The plaintiffs had judgment below and the defendants appeal.

The appellants at the trial requested the court to instruct the jury to return a verdict in their favor. This, with certain other requests for instructions on the part of the appellants, was refused. The refusal of these requests for instructions and the refusal of the court to grant a new trial are the only errors assigned. The only testimony offered by either party tending to establish the line between lots 7 and 8, according to the official plat, was the testimony of the engineer Nicholson, and for the purpose of this case we will assume that the Nicholson survey was correct and that the appellants' fence is now located on the line between the two lots, as shown by the official plat. The only title the respondents have shown to the disputed tract, therefore, is title by adverse possession, and such is the title upon which they in fact rely. The appellants contend that the respondents had no color of title to any portion of lot 7, never asserted any claim to any portion of that lot, and that their asserted claim of title by adverse possession at this time must fail.

The rule governing title by adverse possession in this class of cases, as repeatedly announced by this court, is this:

"If one by mistake inclose the land of another, and claim it as his own, his actual possession will work a disseizure, but if, ignorant of the boundary line, he makes a mistake in laying his fence, making no claim, however, to the lands up to the fence, but only to the true line as it may be subsequently ascertained, and it turns out that he has inclosed the lands of the adjoining proprietor, his possession of the land is not adverse." *Bowers v. Ledgerwood*, 25 Wash. 14, 64 Pac. 936.

See, also, *Suskdorf v. Humphrey*, 36 Wash. 1, 77 Pac. 1071; *Wilcox v. Smith*, 38 Wash. 585, 80 Pac. 802; *Noyes v. Doug-*

*las*, 39 Wash. 314, 81 Pac. 724; *Lindley v. Johnston*, 42 Wash. 257, 84 Pac. 822.

The testimony on the part of the respondents·shows, or at least tends to show, that they not only claimed lot 8, but also claimed to a particular line, and this brings the case clearly within the rule above announced. The request to instruct the jury to return a verdict for the appellants was properly denied. While many of the other requests for instructions were proper, we think the law of the case was fully covered by the general charge of the court to which no exceptions were taken.

It is urged in support of the motion for a new trial that the verdict is excessive. A reference to the pleadings and testimony of the respondents will disclose three separate and distinct descriptions of the tract in dispute, no two of which are the same. The complaint and verdict describe the tract as a strip of land thirty inches wide, lying immediately north of the appellants' fence constructed on the Nicholson survey. The reply describes the tract by reference to a board fence extending from the alley to a point near the west end of the house on lot 7, and thence from the end of this fence, along the south side of the house by the projection of the eaves in a straight line, to the street line in front of the lots. All of the witnesses on the part of the respondents testified that the appellants' fence on the Nicholson survey is two feet south of the original stake, up to which the respondents claimed title, at the front or east end of the lot, and two feet and seven inches south of the like stake at the west end or alley. When the description in the reply is read in the light of the uncontradicted testimony, it appears that the appellants' house, to which reference is made, is not constructed parallel with the lot lines, and that the southeast corner of the house is 11 inches nearer the lot line than is the southwest corner. A direct line across the lot, by the projection of the eaves of the house on lot 7, describes a tract of land approxi-

mately one foot in width north of the appellants' fence at the street or front line of the lot, and approximately three feet at the alley or rear of the lot. However, this discrepancy between the description in the complaint and reply, and some apparent discrepancies in the testimony, may be readily accounted for by the fact that the parties and witnesses did not take into consideration the fact that the house was not constructed parallel to the lot lines, and does not call for or necessitate the granting of a new trial. The testimony was received without objection, and the pleadings will be deemed amended to conform to the facts proved and found by the jury.

The testimony of the respondents and their witnesses was to the effect that the appellants extended their fence two feet beyond the line to which the respondents claimed title on the front part of the lot and two feet and seven inches at the alley, and to this testimony the jury gave credence. From the foregoing statement it will be seen that the jury awarded the respondents six inches more land than their testimony would warrant, at the street line of the lot, and one inch less at the alley. We might perhaps disregard this slight discrepancy, under the maxim *lex non minimum curat*, were it not for the fact that the line as found by the jury extends five inches beyond and under the eaves of the appellants' house, at its northeast corner, and some question might hereafter arise as to the right of the appellants to maintain their house at its present location if this judgment should be permitted to stand.

The judgment will therefore be modified so as to limit the respondents' recovery to a strip of land two feet in width, lying along and immediately north of the Nicholson survey and the fence constructed by the appellants. The judgment for damages is fully sustained by the testimony and is in no manner affected by this modification. The judgment of the court below will be modified as above indicated, and as thus

modified the same is affirmed. The appellants will recover their costs on appeal.

HADLEY, C. J., FULLERTON, ROOT, CROW, MOUNT, and DUNBAR, JJ., concur.