[No. 6697. Decided July 22, 1907.]

JAMES STANGAIR, *Appellant*, v. JOHN ROADS, *Respondent*.[1]

ADVERSE POSSESSION—BOUNDARIES—TRIAL—INSTRUCTIONS—INVADING PROVINCE OF JURY. Upon an issue as to the adverse possession of land along a boundary line, it is not an invasion of the province of the jury to instruct that one acquires no title by laying his fence by mistake if he makes no claim to the lands up to the fence, but only to the true boundary as it may be subsequently established.

TRIAL—VERDICT—WAIVER. It is not error to submit two forms for a general verdict in an action of ejectment, in the absence of any request for special findings as provided by Bal. Code, § 5021.

[1] Reported in 91 Pac. 1.

Appeal from a judgment of the superior court for Clarke county, McCredie, J., entered June 30, 1906, upon the verdict of a jury rendered in favor of the defendant, in an action to recover possession of real property. Affirmed.

*H. C. Leiser* and *E. M. Green,* for appellant.

*A. L. Miller* and *W. W. Sparks,* for respondent.

Root, J.—In a case between these same parties, reported in 41 Wash. 583, 84 Pac. 405, the contention of respondent as to the location of a lost corner was upheld. This action is to recover possession of a small parcel of land lying within the boundaries of respondent's land as determined by that action. Appellant herein based his right to the possession of this land upon a claim of adverse possession for more than ten years. The case was tried to a jury, which returned a verdict in favor of respondent. Upon the verdict was entered a judgment from which this appeal is taken.

The main contention of appellant is that the evidence does not sustain the verdict. We do not think this contention can be upheld. The question turned largely as to the time when a certain fence was built. Upon this there was a conflict in the evidence. We think there was a sufficient amount of evidence which, if believed, would justify the jury in the verdict which they returned, and that the trial court did not commit error in denying the motion for a new trial on this ground.

Exceptions were taken to several instructions given by the trial judge, and the giving thereof is here assigned as error. Those had to do principally with the question of what constituted adverse possession, and we think they were in accord with prior decisions of this court. One of the instructions given by the trial court, the giving of which is urged to be error, is as follows:

"Our supreme court has laid down this rule which I give you as the law in this case: If one by mistake incloses the lands of another, and claims it as his own, his actual possession will work a disseizure, but if ignorant of the boundary line,

he makes a mistake in laying his fence, making no claim, however, to the lands up to the fence, but only to the true line as it may be subsequently established, and it turns out that he has inclosed the lands of the adjoining proprietor, his possession of the land is not adverse."

It is urged that this was an invasion of the province of the jury, and a comment upon the facts of the case. We do not so understand it. The trial court laid down the rule as it had been heretofore announced by this court. *Thornely v. Andrews*, 45 Wash. 413, 88 Pac. 757. Taking the instruction in connection with the others given, we think it was calculated to assist the jury in determining the issue which they were to determine, and was in no manner prejudicial to the rights of appellant.

It is also contended that the court erred in giving the jury two forms of verdict, and in instructing them to find generally for plaintiff or defendant, instead of requesting them to render a general or special finding, as provided in Bal. Code, § 5021 (P. C. § 636). It does not appear that appellant requested any special finding, and we fail to find any merit in this contention.

The judgment of the superior court is affirmed.

HADLEY, C. J., FULLERTON, MOUNT, and CROW, JJ., concur.