[No. 7723.   Decided February 9, 1909.]

F. H. WEINGARTEN *et al.*, *Appellants*, v. ALICE O.
SHURTLEFF *et al.*, *Respondents.*[1]

BOUNDARIES—ADVERSE POSSESSION—MISTAKEN BOUNDARY LINE—
EVIDENCE—SUFFICIENCY.   Where, at the time of a sale of lots, the
grantor marked the line upon the ground, open, notorious and ex-
clusive possession by the grantee with reference to such line, upon
which he built a substantial fence, claiming the same as the true
dividing line, for more than ten years, confers title by adverse pos-
session to the line, which included a three-foot strip of the adjoining
lot.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered April 11, 1908, in favor of the
defendants by direction of the court, after a trial before the
jury, in an action of ejectment. . Affirmed.

*E. L. Culver* (*F. Campbell*, of counsel), for appellants.
*Lueders & Phelps*, for respondents.

RUDKIN, C. J.—This was an action of ejectment to recover
possession of lot three, in block 31, of Puget Park Addition
to the city of Tacoma.   But while the entire lot was involved,
under the allegations of the complaint, the real controversy
was over a strip of land about three feet in width lying along
the easterly side of the lot.   There is no substantial dispute
over the material facts.   The plaintiffs are the owners of lots
three and four in the above block, under mesne conveyances
from Samuel Bertelson and wife.   The defendants are the
owners of lots one and two in the same block, under mesne
conveyances from the same grantors.   Lot two lies immedi-
ately east of lot three.   George A. Libbey and wife purchased
lots one and two from Bertelson and wife about the year 1893.
At or about the time of acquiring title, Libbey and Bertelson,

[1]Reported in 99 Pac. 739.

his grantor, measured off lots one and two on the ground, and marked the boundary line between lots two and three by driving a nail in the sidewalk at the front of the lots and placing a stake at the rear. Whether Bertelson had parted with his title to lots three and four prior to this does not clearly appear, but in any event he had owned all four lots up to about that time.

After the line was thus established, Libbey built a barn on lot two, with reference to the line, and constructed a substantial lattice fence on the line from the corner of the barn to a point about midway of the lot. From the end of the fence to the street line, the lot was graded and planted to grass. Ever since the line was thus established in 1893, Libbey and his successors in interest have at all times been in the open, notorious, and exclusive possession of lot two claiming up to the line thus established. The plaintiffs acquired title to lots three and four shortly before the commencement of this action, and caused a survey to be made for the purpose of locating the easterly line of lot three, or the dividing line between lots two and three. The surveyor located the new line approximately three feet east of the line theretofore established by Bertelson and Libbey, thus bringing within the limits of lot three the fence and a portion of the barn theretofore constructed by Libbey on what he supposed to be lot two. This action was thereupon instituted to recover possession of the whole of lot three, but, as stated above, the only controversy was over the strip lying between the two disputed lines. At the close of the testimony, the court withdrew the case from the consideration of the jury and directed a judgment in favor of the defendants. From this judgment the plaintiffs have appealed.

Substantially this same question has been before this court in a number of appeals, some of which were from the same county, and we think that the testimony without any substantial contradiction warranted the action taken by the trial court. While the numerous deeds under and through

which the respondents claim title only purport to convey lots one and two, it nevertheless, clearly appears that the respondents and their predecessors in interest have at all times claimed that the dividing line between the two lots was the line established and marked by Libbey and Bertelson, that they have claimed up to that line for much more than the statutory period, and that their possession has been open, notorious, exclusive, adverse, and under claim of right. *Bowers v. Ledgerwood*, 25 Wash. 14, 64 Pac. 936; *Suksdorf v. Humphrey*, 36 Wash. 1, 77 Pac. 1071; *Wilcox v. Smith*, 38 Wash. 585, 80 Pac. 803; *Noyes v. Douglas*, 39 Wash. 314, 81 Pac. 724; *Lindley v. Johnston*, 42 Wash. 257, 84 Pac. 822; *Thornley v. Andrews*, 45 Wash. 413, 88 Pac. 757.

There is no error in the record, and the judgment is affirmed.

CHADWICK, FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.