[No. 7709. *En Banc.* March 30, 1910.]

SUSANNAH McCORMICK et al., *Appellants*, v. CHARLES SORENSON et al., *Respondents*.[1]

ADVERSE POSSESSION—MISTAKE AS TO BOUNDARIES—CLAIM OF RIGHT —EVIDENCE—SUFFICIENCY. The purchaser of lots, who by mistake takes possession of the wrong property, incloses the same with a fence and erects a house thereon and otherwise improves the property, and maintains possession for over ten years under a claim of right, based under the mistaken idea that he has the correct property, acquires title by adverse possession, although he did not intend to occupy any other land than that described in his deed.

COSTS—APPEAL—FILING BRIEFS. Costs will not be allowed respondents, on affirming a judgment, where they failed to file a brief after being granted permission to do so.

[1]Reported in 107 Pac. 1055.

Appeal from a judgment of the superior court for Thurston county, Linn, J., entered June 10, 1908, upon the verdict of a jury rendered in favor of the defendants, in an action of ejectment. Affirmed.

*Troy & Sturdevant*, for appellants.
*·Vance & Mitchell*, for respondents.

CROW, J.—Action in ejectment by Susannah McCormick and husband against Charles Sorenson and wife, to recover possession of lots in the city of Olympia. From a judgment in favor of the defendants, the plaintiffs have appealed.

The main contention on which the appellants rely for a reversal is that the trial court erred in overruling their motions for a directed verdict, and for judgment *non obstante veredicto*. At the argument in this court, permission was granted the respondents to prepare and file their printed answer brief. It has not been filed, and we have been deprived of the benefit of any suggestions of their counsel other than those made on the oral argument.

The evidence shows that the appellants hold the record title to lots 3 and 4, in block 1, of Fourth Street Boulevard addition to the city of Olympia, deraigned by mesne conveyances from one T. C. Van Epps, and that they and their grantors have paid all taxes thereon; that the respondents, Sorenson and wife, hold the record title to lots 1 and 2 in the same block, deraigned from one Geo. A. Mottman, and that they and their grantors have paid all taxes thereon; that the lots are numbered in consecutive order from north to south, lot 2 being immediately north of and adjoining lot 3; that in 1893, Mottman sold lots 1 and 2 to one Harry F. Taylor, who, by measurements made with a ten-foot pole, attempted to locate the boundary lines; that the south line of a certain road or highway was the true north boundary of lot 1; that as then used and traveled by the public, the road extended across portions of lots 1 and 2, a fact unknown to Taylor; that by measuring from the south line of the road

as then used, he made a mistake and failed to locate the true boundary lines of lots 1 and 2; that he immediately built a fence on the lines as then incorrectly located; that he and his wife entered into actual possession of the property fenced, which included parts of lots 1 and 2, all of lot 3, and lot 4 except the south seven feet thereof; that they believed they were in possession of lots 1 and 2 only; that they built a dwelling house which extended over a portion of lot 3; that they and their grantees have since been in open, notorious, exclusive, and continuous possession of the property fenced; and the respondents now claim title by adverse possession to the portion of lots 3 and 4 included within the fence; that neither the appellants nor any of their grantors have been in possession at any time since 1893, and that this action was commenced by appellants in August, 1907.

It is apparent from the evidence that, in 1893, Taylor's original intention was to enter upon and take possession of lots 1 and 2 only; that by mistake he then took possession of and improved lot 3 and part of lot 4, and that he and his grantees, including the respondents, have ever since been in possession thereof under claim of right, although they have continuously entertained the mistaken belief that the property so claimed by them was described as lots 1 and 2, and that they have repeatedly attempted to convey it by that description, making no reference to lots 3 and 4 in their various instruments of conveyance. The question now presented is whether, under such circumstances, they held possession under such a claim of right as would ripen into title by adverse possession, or whether by reason of their mistaken idea as to the true description of the property in their possession, and their belief that they were in possession of lots 1 and 2 only, they have failed to acquire title by adverse possession.

Two special interrogatories were propounded to the jury, and answered by them as follows:

"(1)   If the defendants and their grantors have claimed to own the land within the fences for ten years or more did

they do so because they believed they were occupying lots one and two? Answer. Yes. (2) Did the defendants or their grantors ever intend to occupy any other premises than lots one and two? Answer. No."

In their brief the appellants contend that as Taylor and wife, the grantors of respondents, purchased from Mottman with the intention of securing lots 1 and 2, and by mistake encroached upon lots 3 and 4, they cannot predicate their claim of title by adverse possession on such mistake; that it is immaterial whether the mistake was an honest one; that it was in any event simply a mistake as to the location of the property purchased; that it never was the intention of respondents, or any of their grantors, to occupy any property other than lots 1 and 2; that they at no time asserted title to any portion of lots 3 and 4, and that they cannot in this action successfully claim title thereto by adverse possession, never having made any claim of right to any portion of lots 3 or 4. In support of these contentions they rely on *Preble v. Maine Cent. R. Co.*, 85 Me. 260, 27 Atl. 149, 35 Am. St. 366, 21 L. R. A. 829, and other cases of those cited in the L. R. A. foot note thereto. The principal case cited, and some of those mentioned in the note, in substance, hold that a mistake will not give title by adverse possession; that in order to obtain such title up to a fence, located beyond the true line, there must have been an intention to go beyond the true line, and that mistake or ignorance of true lines, without meaning to claim beyond them, will not, when discovered, work disseizin of either party. The authorities cited, to some extent, sustain appellants' position, but this court in *Bowers v. Ledgerwood*, 25 Wash. 14, 64 Pac. 936, refused to follow the case of *Preble v. Maine Cent. R. Co., supra*, and quoted with approval the following excerpt from *Caufield v. Clark*, 17 Ore. 473, 21 Pac. 443, 11 Am. St. 845:

"If one by mistake inclose the land of another, and claim it as his own, his actual possession will work a disseizure, but if, ignorant of the boundary line, he makes a mistake in laying his fence, making no claim, however, to the lands up

to the fence, but only to the true line as it may be subsequently ascertained, and it turns out that he has inclosed the lands of the adjoining proprietor, his possession of the land is not adverse."

In this action respondents did make claim to all land within the fence. After citing other authorities announcing the same doctrine, this court, in *Bowers v. Ledgerwood,* said:

"As heretofore observed by this court, the question of adverse possession is one of fact; and, though the fence may have been established originally by mistake, if it were followed by a claim to the land and such acts as clearly evinced a determination of permanent proprietorship, the claim is established. The intention of the party claiming adverse possession, and also the notice of such claim to the real owner, must be inferred from the acts and declarations of the parties."

While it is true that Taylor originally made a mistake in fixing the lines, and by reason thereof unintentionally entered into the possession of lot 3 and part of lot 4, it is nevertheless apparent from the evidence that his possession thus obtained was immediately followed by a claim of right to the land; that he and his grantees erected a dwelling house and other buildings; that they planted fruit trees and otherwise improved the place; that each of the subsequent purchasers, before buying, went upon the property, saw the inclosure and improvements, intended to acquire the identical land so inclosed and improved, and that their mistake was not as to the particular land claimed or purchased, but as to its true description. These acts, which continued without interruption for a period of more than ten years, and until the commencement of this action, certainly evinced an assertion of permanent proprietorship on the part of respondents and all of their grantors, back to and including Taylor, and constituted notice to the real owners. The *Ledgerwood* case has been repeatedly followed and approved by this court. *Hesser v. Siepmann,* 35 Wash. 14, 76 Pac. 295; *Erickson v. Murlin,* 39 Wash. 43, 80 Pac. 853; *Thornley v. Andrews,* 45 Wash. 413, 88 Pac. 757; *Weingarten v. Schurtleff,* 51 Wash. 602,

99 Pac. 739; *Schlossmacher v. Beacon Place Co.*, 52 Wash. 588, 100 Pac. 1013.

Although the possession of the respondents' grantor, Taylor, originated in his mistake when attempting to fix the true lines and take possession of lots 1 and 2 only, then purchased by him, the evidence is amply sufficient to show adverse possession in him and in his grantees, under claim of right, which possession has been open, notorious, exclusive and continuous for a period of more than ten years prior to the commencement of this action. The conclusion reached by the jury, as expressed in their general verdict, is not inconsistent with their answers to the special interrogatories, for while it is true that the respondents and their grantors did not intend to occupy any other property than lots 1 and 2, such intention grew out of their mistaken belief that the land they were occupying was lots 1 and 2. The evidence shows that they did intend to occupy and claim title to the identical land fenced, and in their possession. Their mistake was not as to the land to which they asserted their claim of right, but as to its true description. Adverse possession under claim of right to the property fenced was therefore shown, and the motions for a directed verdict and for a judgment *non obstante veredicto* were properly denied.

The above discussion disposes of appellants' other assignments of error, which are based upon instructions given and requested instructions refused. After a careful examination of the entire body of the instructions given by the trial judge, we conclude that they fully, clearly, and correctly stated the law applicable to the issues and evidence, and that they covered all requested instructions which the appellants were entitled to have given. We find no prejudicial error in the record. The judgment is affirmed. By reason of the failure of the respondents to file any brief after being granted permission to do so, no costs will be awarded to them on this appeal.

Rudkin, C. J., Fullerton, Dunbar, Parker, and Mount, JJ., concur.