[No. 8948. Department One. November 25, 1910.]

G. NAHER *et al.*, *Appellants*, v. ERNEST M. FARMER *et al.*,
*Respondents*.[1]

ADVERSE POSSESSION—MISTAKE AS TO BOUNDARIES—TACKING. Title
by adverse possession may be acquired of lands inclosed and im-
proved under a mistake as to the true boundary line of the lot
covered in the deed, and successive periods of occupation may be
tacked, although the deeds purported to convey only the lot conveyed
in the first deed, where there was privity, and the successive occu-
pants were not aware of the mistake and there was nothing on the
ground to indicate the same.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered December 7, 1909, upon findings
in favor of the defendants, in an action of ejectment, after a
trial before the court without a jury.    Affirmed.

*Fred H. Peterson* and *Philip D. Macbride*, for appellants.
*E. M. Farmer*, for respondents.

MOUNT, J.—This action was brought to recover pos-
session of a strip of land, a little more than seven
feet wide across the end of lot 3, block 36, supplemental
plat of A. Pontius addition to Seattle.   The allegations of
the complaint were denied, and the defendants pleaded title
by adverse possession.   The trial court found in favor of the
defendants, and entered a decree accordingly.   The plain-
tiffs have appealed.·

The facts are as follows:   Lots 3 and 4, of the block named,.
are located about the center of the block.   The two lots join
end to end, and extend east and west through the block.   There
is no alley.   On May 3, 1898, Margaret J. Pontius owned
both lots.   At that time, both lots being vacant, she sold lot
4 to one H. W. Broughton, who immediately took possession
thereof and begun to improve the same by fencing the lot
and building a dwelling and out-building thereon.   Thinking

[1]Reported in 111 Pac. 768.

the rear line of lot 4 was a continuation of the rear line of a lot on the south, Mr. Broughton placed his fence some seven and seven-tenths feet over the actual line of his lot, and on to lot 3. He thereafter constructed a building on the rear of the lot up to the rear fence. The part of the rear of the lot not covered by the building was cultivated to garden, berries, and trees. When Mr. Broughton made the improvement, he supposed he had inclosed only his own lot, which he intended to hold. In September, 1902, Broughton sold lot 4 to one Weixal, who went into possession of the property as inclosed, thinking that it was a part of lot 4. Thereafter, in 1907, the title to lot 4 passed to these respondents, who took possession of the tract inclosed, understanding that lot 4 was included therein.

Appellants, by mesne conveyance from Margaret J. Pontius, acquired lot 3 in 1907. This lot was at that time, and still is, vacant and unimproved. In April of 1909, this action was begun, more than ten years after respondents and their predecessors had taken possession of the strip of land in dispute.

The appellants take the position that possession cannot be tacked to make out title by prescription, when the deed under which the last occupant claims title does not include the land in dispute, and that it must clearly appear in the deed that the particular premises were embraced in the deed or transfer. While it is true that the deeds which passed the title to the successive owners described only lot 4, there was nothing to indicate the boundaries of that lot upon the ground except as it was inclosed and improved. It appears that the owner, from the time of the purchase by Mr. Broughton in 1898 down to the time of this action, believed that lot 4 was the tract of land within the inclosure, and possession of the inclosed premises was held openly and exclusively, and the conveyances were made thereof as lot 4. Under these circumstances the description in the deed must be held to include the land in dispute. The general rule is that "if there is

privity between successive occupants holding adversely to the true title continuously, the successive periods of occupation may be united or tacked to each other to make up the time of adverse holding." 1 Cyc. 1000. This court, in *Weingarten v. Shurtleff*, 51 Wash. 602, 99 Pac. 739, said:

"While the numerous deeds under and through which the respondents claim title only purport to convey lots one and two, it nevertheless, clearly appears that the respondents and their predecessors in interest have at all times claimed that the dividing line between the two lots was the line established and marked by Libbey and Bertelson, that they have claimed up to that line for much more than the statutory period, and that their possession has been open, notorious, exclusive, adverse, and under claim of right."

And in *McCormick v. Sorenson*, 58 Wash. 107, 107 Pac. 1055, we said:

"While it is true that Taylor originally made a mistake in fixing the lines, and by reason thereof unintentionally entered into the possession of lot 3 and part of lot 4, it is nevertheless apparent from the evidence that his possession thus obtained was immediately followed by a claim of right to the land. . . . These acts, which continued without interruption for a period of more than ten years, and until the commencement of this action, certainly evinced an assertion of permanent proprietorship on the part of respondents and all of their grantors, back to and including Taylor, . . ."

The rule of these cases is decisive of the question presented in this case.

The judgment must therefore be affirmed.

RUDKIN, C. J., PARKER, FULLERTON, and GOSE, JJ., concur.