[No. 10116.  Department One.  August 24, 1912.]

LAURA E. WISSINGER, *Appellant,* v. T. R. REED *et al.,*
*Respondents.*[1]

ADVERSE . POSSESSION—BOUNDARY LINE—MISTAKE OF FACT.    Ad-
verse possession of land for more than ten years under the mistaken
belief that the fence inclosing the land was on the true boundary
line, with claim of ownership during such period, ripens into title
by adverse possession.

Appeal from a judgment of the superior court for Sno-
homish county, Bell, J., entered May 3, 1911, upon findings
in favor of the defendants, in an action to establish a bound-
ary line.  Affirmed.

*H. E. Foster,* for appellant.

*H. D. Moore,* for respondents.

PARKER, J.—The plaintiff commenced this action in the
superior court seeking a decree establishing what she alleges
to be the lost or uncertain boundary between her land and
adjoining land of the defendants upon the west, under the
provisions of §§ 947-949, Rem. & Bal. Code.  The action is
in effect one to recover from the defendants a strip of land
lying along and immediately to the west of a line up to
which they have possession, and which they claim to be the
true boundary line between their land and the plaintiff's,
and which the plaintiff claims is east of such true boundary
line.  The defendants interposed two affirmative defenses.
One of these was a claim of title by adverse possession to the
strip of land involved.  The trial court made findings in
favor of the defendants upon their claim of adverse pos-
session for so much of the land as they had inclosed by fence,
which was practically all of the land involved, and . rendered

[1]Reported in 125 Pac. 1030.

judgment accordingly in their favor. The plaintiff has appealed to this court.

Appellant has record title to the southeast forty acres of a certain quarter section, and respondents have record title to the southwest forty acres of the same quarter section. This results in their common boundary line being a line running northerly and southerly through the center of the quarter section, assuming that their respective titles are in fact as shown by their record titles. Respondents acquired the westerly forty acres by deed of conveyance in April, 1896. At that time the land here involved had been inclosed with a fence by their grantor, with other land included within the west forty-acre tract. The easterly fence of this inclosure runs northerly and southerly some little distance to the east of the line now claimed by appellant as the true boundary line between the two tracts. This fence has been maintained by respondents and the land inclosed thereby occupied and used by them at all times since the year 1896, for pasture and cultivation. Such occupancy has been open and visible to the world during all of this period, and has at all times had the outward appearance of adverse possession and claim of ownership on the part of respondents to all of the inclosed land. This fence has been maintained by respondents under the belief that it was upon the true line between the two forty-acre tracts, at least for more than ten years following their going into possession of the land in 1896. About the year 1909, appellant made known to respondents her claim that the fence was not on the true boundary line between the two forty-acre tracts, and that such line was some distance to the west of the fence. For the sake of argument, we will assume that surveys made about that time support the claim of appellant that the true line between the forty-acre tracts is as claimed by her, and that it then became known to respondents that the fence was not on such line. There is some conflict in the testimony as to the claims of ownership made by respondents after the surveys of 1909 to the land in their

possession between their fence and the true common boundary line of the forty-acre tracts; but we think the evidence fully warranted the trial court in believing that respondents have at all times claimed ownership of all of the inclosed land up to their fence, which they have been in possession of since 1896.

Aside from the question of respondents' claim of ownership in connection with their occupancy and possession of the land since 1896, which question we think the court rightly resolved in respondents' favor, counsel for appellant now contends that, since respondents' claim of title and possession was under a mistake of fact as to the true location of the common boundary line between the two forty-acre tracts, their possession and claim of ownership could not ripen into a title by adverse possession. There are some decisions of other courts which in a measure seem to lend support to this contention; but our former decisions are clearly against such contention. Respondents' adverse possession and claim of ownership of all the land up to their fence having continuously existed from April, 1896, up to the commencement of this action in March, 1910, a period of approximately 14 years, the fact that they were mistaken in the location of the true boundary line between the forty-acre tracts did not prevent such possession and claim of ownership from ripening into title by adverse possession. *McCormick v. Sorenson*, 58 Wash. 107, 107 Pac. 1055, 137 Am. St. 1047; *Naher v. Farmer*, 60 Wash. 600, 111 Pac. 768; *Johnson v. Ingram*, 63 Wash. 554, 115 Pac. 1073. It follows that the judgment must be affirmed. It is so ordered.

MOUNT, CROW, GOSE, and CHADWICK, JJ., concur.