[No. 15360. Department Two. October 22, 1919.]

W. B. ALVERSON et al., Appellants, v. W. A. HOOPER et al., Respondents.[1]

NEW TRIAL (40)—GROUNDS—NEWLY DISCOVERED EVIDENCE. It is not an abuse of discretion to refuse a new trial for newly discovered evidence as to the falsity of testimony given, where it came to the party's knowledge before the close of the trial and was not disclosed or made known until long afterwards; especially where it would only have been cumulative and at best of little weight.

EVIDENCE (102, 105)—DECLARATIONS AS TO BOUNDARIES—HEARSAY—ORAL STATEMENTS. Upon an issue as to a disputed boundary line, evidence of declarations of a former owner are inadmissible, where such owner was living and could have been produced to testify, his statements having been made only a few days before.

ADVERSE POSSESSION (25) — EXTENSION TO FENCES. Although a fence was erected under a mistake of fact as to the true location of the boundary, exclusive possession under claim of right to such fence for seventeen years ripens into title by adverse possession.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered June 27, 1916, upon

[1]Reported in 185 Pac. 808.

findings in favor of the defendants, in an action to establish a boundary line, tried to the court. Affirmed.

*Shrauger & Henderson,* for appellants.

*Thomas Smith,* for respondents.

FULLERTON, J.—The appellants began this action under the provisions of § 947 of Rem. Code, seeking to have the court establish the boundary line between lands owned by them and adjoining lands owned by the respondents, averring in their complaint that such boundary line had become obscure, uncertain, and lost by lapse of time, and that the parties could not agree as to the true location of the line. The respondents answered, denying the pertinent allegations of· the complaint, and setting up affirmatively the construction of a fence marking the boundary line between the lands, and adverse possession up to the fence for a period longer than the period of the statute of limitations. The trial court found in favor of the respondents on the issue of adverse possession, and entered a decree accordingly.

The findings of fact, conclusions of law and judgment were made and entered on June 26, 1916. On the next day the appellants filed and served a motion for a new trial, one of the grounds of the motion being newly discovered evidence. No showing, however, accompanied the petition disclosing the nature of such evidence, nor was such a showing made within two days after the filing of the motion. No action was taken upon the motion until March 12, 1917, when the appellants appeared in court and moved for an extension of time within which to file affidavits in support of the motion. Accompanying the motion was the affidavit of one Phillips, in which he averred that a witness, testifying at the trial on behalf of the respond-

ents, had stated to him, on the evening of the day the witness gave his testimony, that he, the witness, did not testify truthfully concerning a material matter at issue between the parties to the action. It appears further that Phillips himself testified in the cause after the close of the testimony of the witness mentioned, and that he did not make known, either to the appellants or their attorneys, what the witness had stated to him until long after the conclusion of the trial and the entry of the judgment. The court denied the motion, and its action in so doing constitutes the first error assigned. But whether the court would open up the matter for hearing on a collateral matter of this sort was discretionary with it, reviewable only, if at all, for an abuse of discretion, and we can find no such abuse. The testimony of the witness was not the only testimony in the record supporting the particular fact, and could it have been shown that he had perjured himself, the judgment would not necessarily have been for the other side. Indeed, as we view the record, his testimony on the particular matter was in no manner controlling. His parents were at one time owners of the property now held by the respondents, and were the parties who constructed the fence thought to mark the boundary line. The disputed testimony related to their intent in so doing. This, owing to his immature years at the time, and perhaps other causes, could not have been very clearly within his knowledge, and we do not, and we think the record clearly shows that the trial court did not, give his testimony on this subject any over-amount of credence. Certain of his testimony was, however, material, but as to this he was abundantly corroborated by other witnesses whose truthfulness is not questioned, and were it found that he was untruthful in the particular statement, the falsity maxim would not be controlling. We cannot,

therefore, conclude that there was an abuse of discretion in denying the motion.

The second contention is that the court erred in refusing to allow a witness for appellants to testify to declarations made by a former owner of the land concerning the location of the boundary line in question. It developed that the person whose declaration was sought to be shown was then living, was within reach of the process of the court, and that the declarations were made only a few days preceding the trial. Plainly under no rule of evidence could such testimony be admitted. The rule admitting the declarations of parties concerning the location of corners and boundaries to land is surrounded by limitations. The declarations must have been made before any controversy arose touching the matter to which it relates; it must have been made by a person shown to have means of knowledge; and the person making the declarations must be shown to be dead, or for some other reason incapable of being summoned and sworn as a witness. No rule permits the proof of a substantive fact by declarations of persons not parties to the record, or parties in privity with parties to the record, when the person himself can be summoned and sworn as a witness.

The appellants cite and rely upon the case of *Inmon v. Pearson,* 47 Wash. 402, 92 Pac. 279, as supporting the principle for which they contend. But the case must be read in the light of the subject-matter then under consideration. The record in the case will disclose that the question before the court was not whether the declarations offered and admitted were objectionable because of the conditions surrounding their making, but was whether such declarations were admissible under any circumstances. This general question

the court decided, and the language of the opinion was used with reference to the general question. It was not intended to be said that such declarations were admissible under all circumstances, regardless of the conditions under which they were made, or the status of the person by whom they were made.

The final question is whether the evidence justified the conclusions of the trial court. While the evidence makes it clear that the fence is not on the true boundary line between the lands of the parties, and that it encloses land which a correct line would show is within the description of the appellants' instruments of conveyance, it does show that it was erected more than seventeen years prior to the commencement of the action, and that the respondents and their predecessors in interest have been in the sole and exclusive possession of the land so enclosed since that time, claiming it adversely to the true owners. While the fence was probably erected under a mistake of fact as to the true location of the line, we have repeatedly held, although perhaps it is not the uniform rule, that the fact of mistake does not prevent such possession and claim of ownership ripening into title by adverse possession. *Wissinger v. Reed,* 69 Wash. 684, 125 Pac. 1030.

The judgment is affirmed.

HOLCOMB, C. J., PARKER, MOUNT, and BRIDGES, JJ., concur.