[No. 17363.    Department One.    December 11, 1922.]

## METROPOLITAN BUILDING COMPANY, *Respondent,* v. LULU FITZGERALD *et al., Appellants.*[1]

QUIETING TITLE (25, 28)—PLEADING (149)—TITLE—ISSUES AND PROOF. In an action to quiet title, under a general allegation of ownership, plaintiff is entitled to show title by adverse possession.

QUIETING TITLE (25-28)—PLEADING (149) — TITLE — ISSUES — MOTION FOR JUDGMENT. In an action to quiet title in which plaintiff alleged that it was owner, and defendants alleged they were owners and had record title, plaintiff's reply denying on information and belief defendants' record title is an admission of it, and does not entitle defendants to judgment on the pleadings.

ADVERSE POSSESSION (9)—CLAIM OF RIGHT—ACTUAL POSSESSION— EVIDENCE—SUFFICIENCY. Plaintiff's title by adverse possession of a fifty-foot strip of land adjoining its property, is established where it appears that for more than thirty years it was occupied, improved, fenced and cultivated by plaintiff's predecessors as part of their premises.

Appeal from a judgment of the superior court for King county, Griffiths, J., entered January 26, 1922, in favor of the plaintiff, in an action to quiet title, tried to the court.    Affirmed.

*E. F. Thompson* and *Walter B. Beals,* for appellants.
*Kerr, McCord & Ivey,* for respondent.

MACKINTOSH, J.—Respondent desires to have its title quieted to a fifty-foot strip of land which it claims by adverse possession.

The appellants have the record title to this strip through a quitclaim deed made to them in 1890, and have ever since that date paid the taxes upon the property. Appellants' property is uncleared and unoccupied and has always been so. The predecessors of the respondent, from the time of the quitclaim deed in 1890 to the appellants, have owned the property ad-

[1]Reported in 210 Pac. 770.

joining the fifty-foot strip, and have conveyed it by
deeds, none of which included the strip.  However, all
of them have occupied, improved and cultivated all of
the fifty-foot strip which was subject to cultivation as
a part of the property which was actually described in
their conveyances, and the immediate grantors of the
respondent had occupied, improved and cultivated it
for fourteen years before they conveyed it to the
respondent.  The warranty deed to the respondent
from the Parkers, who were its grantors, did not in-
clude the fifty-foot strip, and after the respondent went
into possession of the property and discovered by
survey that the fifty-foot strip was not included in the
warranty deed, it procured from the Parkers a quit-
claim deed to the fifty-foot strip, and then began this
action to quiet title.

In its complaint the respondent alleged that it was
the owner of the strip; the appellants, by answer,
alleged that they were the owners and set up their
entire record chain of title.  To this answer the re-
spondent replied, denying that the appellants were the
owners and, on information and belief, denying the
record title.

In this state of the pleadings, the appellants contend
that they were entitled to a judgment for the reason
that the complaint stated no cause of action, as it did
not allege title by adverse possession.  This contention
must be disposed of against the appellants, for this
court has already said that, under a general allegation
of ownership, proof may be made of the title by adverse
possession.  *Raymond v. Morrison,* 9 Wash. 156, 37
Pac. 318.

The next point raised against the pleadings is that
the respondent could not deny on information and
belief the record title.  Admitting that this was true,
the denial on information and belief of the record title

is an admission of it. The pleadings then merely presented this state of facts: that the respondent alleged it was the owner; that the appellants, in their answer, alleged they were the owners and had the record title. The respondent then replied, admitting that appellants had the record title but denying they were the owners. This did not entitle the appellants to a judgment on the pleadings.

There remains but one other question to determine in the case, and that is whether the facts justified the lower court in determining that the respondent had acquired title by adverse possession. The deed to the respondent carried the title of its predecessors, and the testimony shows that, outside of the payment of taxes by the appellants, they had done nothing with this property for many years, and that during all of this time, and for more than ten years prior to this suit, the property has been in the actual, open, notorious, adverse, continuous and exclusive use and possession of the respondent's predecessors under their claim of right. The property had been included within their fences; it had been cleared and cultivated, buildings had been placed on it, orchards planted, and every attribute of ownership asserted and exercised. The case falls squarely within the law, and almost exactly within the facts of the cases in *Bowers v. Ledgerwood,* 25 Wash. 14, 64 Pac. 936; *McCormick v. Sorenson,* 58 Wash. 107, 107 Pac. 1055, 137 Am. St. 1047; and *Alexander v. Bennett,* 91 Wash. 688, 158 Pac. 534.

Decree affirmed.

PARKER, C. J., BRIDGES, HOLCOMB, and MITCHELL, JJ., concur.