[No. 22345. *En Banc.* February 13, 1931.]

PACIFIC POWER & LIGHT COMPANY, *Appellant*, v. EARL BAILEY *et al.*, *Respondents.*[1]

*John A. Laing* and *Rigg, Brown & Halverson*, for appellant.

*William B. Clark*, for respondents.

MITCHELL, J.—Prior to 1913, the plaintiff, Pacific Power & Light Company, or its predecessor in interest by deeds of conveyance which were duly recorded, became the owner in fee simple of a strip of land 75 feet wide part of the way and 100 feet wide the balance of the way across the NW¼ of the NW¼ and the NE¼ of the NW¼, Sec. 13, Tp. 14, N. R. 17 E. W. M., situate in Yakima county. Prior to 1913, the plaintiff constructed, and has at all times since operated and maintained, a water canal on the strip of land.

In 1913, defendants Bailey purchased and took a deed of conveyance from P. F. Sprengle and wife to

[1] Reported in 295 Pac. 943.

one of the forty-acre tracts, except the strip referred to, and, under contract, the same year went into possession of, and in the year 1915, received a deed of conveyance from the Northern Pacific Railway Company to, the other forty-acre tract, less the strip referred to. The defendants settled on the property, consisting of the two forty-acre tracts, as early as 1913, and have lived on, cultivated, and improved the tracts at all times since.

In 1914, the plaintiff, to lessen the danger of children getting into the canal, and to protect the canal and strip of land from stock, surveyed a line on each side, on which it built a fence. Thereafter and continuously, the defendants Bailey pastured or cultivated their land to commercial crops up to the fence, and at one place planted a row of cherry trees close to the fence, and in the same way, at other places, located private irrigation ditches close to the fence.

Things continued thus as to both parties until about 1920, when, as it appears, the plaintiff, in repairing its fence along the row of cherry trees, built it down on the Bailey land, enclosing the trees on the side of plaintiff's land. This was done at the request of the Baileys, so as to protect their trees from the stock on the farm, with the understanding that, later on, at their pleasure, the Baileys might move that portion of the fence back to its original location.

In 1928, defendants Bailey, by their employees, the other defendants in this action, commenced to construct a fence on the old line along the row of cherry trees. This work was torn down by the plaintiff, who proposed to re-arrange the line or location of the fence in several particulars, so as to take in land not theretofore included within the plaintiff's enclosure. This was objected to by the Baileys, who threatened to de-

stroy any fence that departed from the line of the old location.

Thereupon, the Pacific Power & Light Company, in June, 1928, instituted this action for injunctive relief against the threatened trespass. The answer asserted title to lands up to the original lines of fencing, by adverse possession, under claim of right and color of title. Upon the trial of the case without a jury, findings, conclusions, and judgment were entered against the plaintiff, from which the appeal has been taken.

As said in *McAuliff v. Parker,* 10 Wash. 141, 38 Pac. 744, quoted with approval in *Bowers v. Ledgerwood,* 25 Wash. 14, 64 Pac. 936,

" 'All the authorities hold that the question of adverse possession is a question of fact, and it must be a possession that is known to the owner of the legal title.' "

In the present case, the trial court, upon making findings of title in the Baileys, as hereinbefore stated, made certain other pertinent findings, as follows:

"(4) That in the spring of 1914, plaintiff constructed fences on each side of its canal as it extends through, over and across said Northwest Quarter of the Northwest Quarter of said Section 13 of defendants Baileys' said land, and defendants Bailey have openly, visibly, continuously, and uninterruptedly ever since said time occupied, possessed, used, farmed, cultivated, irrigated, cropped, and resided on the said land in question each year up to the said fence on the lower or west and south side of plaintiff's said canal, the said fence on said lower side of said canal having been so originally built by plaintiff up to and along the edge of the ditch bank, and said defendants have continuously ever since said time maintained their head ditch and pipe line close up to and just below said fence, and in 1920 planted a row of cherry trees close up to and two feet just below said fence, and constructed a large cement water measuring box towards the upper or west end of said forty acres up to

the said fence as so originally built on said lower side of said canal; and that on the upper or east and north side of said canal defendants Bailey have also occupied, used, farmed, grazed and pastured all of their said land right up to the said fence as so originally constructed by plaintiff on the upper side of its said canal, said fences on each side of said canal being so originally constructed by the plaintiff at a considerable less distance than $37\frac{1}{2}$ feet on each side of the center line of said canal, and the said use, occupancy, and possession by defendants Bailey of all of said lands up to the said fences so originally constructed by plaintiff on both sides of its said canal, as aforesaid, has been open, notorious, visible, exclusive, continuous, uninterrupted, with color of title and claim of right hostilely and adversely to plaintiff and to all the world for more than ten years preceding the commencement of this action.

"(5)   That prior to the time that the defendants Bailey purchased the Northeast Quarter of the Northwest Quarter of said Section 13, the plaintiff also constructed fences on both sides of its said canal through, over and across the said forty acre tract, the said fences so originally constructed by plaintiff being a considerable less distance than fifty feet from the center line of its said canal, and said defendants Bailey at and ever since the time they purchased said lands from the said Railway Company thought said fences so originally built by plaintiff on both sides of its said canal were the true boundary lines of plaintiff's said canal right of way, and ever since November 13, 1914, and for more than ten years prior to the commencement of this action, defendants Bailey have openly, notoriously, visibly, exclusively, continuously, uninterruptedly, with color of title, and claim of right and ownership, occupied, used, claimed, and farmed all of said lands up to the said fences so originally constructed by plaintiff and defendants Bailey with claim and possession of said lands and ownership thereof up to the said fences has been open, continuous, uninterrupted, hostile, and adverse to the plaintiff, to its predecessors in interest and to all the world.

"(6)   That in the year 1920, plaintiff proceeded to reconstruct on the original line, its said fence on the lower or south and west side of its canal on the said Northwest Quarter of the Northwest Quarter of said Section 13, but at the request of the defendants Bailey, plaintiff moved said fence lower down, and in on defendants' said lands and below the said row of cherry trees, head ditch and water measuring box heretofore mentioned, but the defendants Bailey continued openly, notoriously, visibly, continuously and uninterruptedly to farm and cultivate the land inside of the fence so constructed on their lands, as aforesaid, clear up to the line of the original fence as originally constructed by plaintiff, and entered into an oral agreement with plaintiff that defendants Bailey would at their will, and at their own expense rebuild said fence on the old original line, and defendants thereby lost none of their rights or claims to all their lands up to the said original fence line; that in 1928 defendants Bailey proceeded to return and reconstruct said fence on the old original line, but the plaintiff objected to their so doing, instituted this action against defendants herein, and attempted to construct a new fence upon defendants Baileys' said lands on both sides of plaintiff's canal, seeking thereby wrongfully to include within its right of way a considerable strip of land on each side of said canal which belonged and belongs to the defendants Bailey; that the plaintiff removed its said original fence on the upper side of its canal as it crosses all of defendants Baileys' said lands, and constructed a new fence therealong, wrongfully including a considerable strip of defendants' said lands, which did not and does not belong to plaintiff, and plaintiff also attempted to wrongfully construct a fence on the lower side of its canal along all of the defendants Baileys' said lands, including within its right of way a further strip of land on the lower side of the canal, which did not, and does not belong to the plaintiff, and on said Northwest Quarter of the Northwest Quarter of said Section 13, to include within its fence the defendants Baileys' row of cherry trees, pipe line and water measuring box, all of which the defend-

ants Bailey objected to and refused to allow the plaintiff to continue in its said wrongful action although on the upper side of said canal the plaintiff in the absence of the defendants Bailey from home, did so wrongfully construct a fence over on to and upon the defendants Baileys' said lands, as aforesaid, and all without right.

"(7) That there remains established on all of defendants Baileys' said lands evidence of the lines of the said fences so originally constructed by plaintiff on both sides of its canal as it crosses said defendants' lands, and on which said lines said original fences and boundaries of plaintiff's right of way continued, and the defendants Bailey occupied, used, farmed and claimed all of their said lands up to the said lines of said original fences for more than the statutory period of adverse possession immediately preceding the commencement of this action, and to which lines said fences are to be returned and reconstructed by plaintiff."

"(9) That the defendants Bailey have so occupied, used, farmed, cultivated and claimed all of the land on both sides of plaintiff's said canal as it crosses defendants' Baileys lands to the said fences on both sides of plaintiff's canal as so originally constructed, openly, notoriously, visibly, exclusively, continuously, uninterruptedly, with color and claim of right so to do, hostilely and adversely to plaintiff, its predecessors in interest and ownership, and to all the world for more than ten years preceding the commencement of this action."

The evidence in the case, in our opinion, preponderates in favor of the findings of fact, all of which sustain the judgment.

Upon principle, this case falls within that class spoken of in *King v. Bassindale,* 127 Wash. 189, 220 Pac. 777, as follows:

"This court has repeatedly held that possession of this sort constitutes adverse possession, and, if continued for a period of ten years, without interruption, will confer title to the land so held in the holder. *Bowers v. Ledgerwood,* 25 Wash. 14, 64 Pac. 936; *Er-*

*ickson v. Murlin,* 39 Wash. 43, 80 Pac. 853; *Weingarten v. Shurtleff,* 51 Wash. 602, 99 Pac. 739; *Wissinger v. Reed,* 69 Wash. 684, 125 Pac. 1030; *Alverson v. Hooper,* 108 Wash. 510, 185 Pac. 808; *Metropolitan Building Co. v. Fitzgerald,* 122 Wash. 514, 210 Pac. 770.

"We have not overlooked the argument of the appellants that, to constitute adverse possession, the possession must have been hostile in its inception, . . . But the term 'hostile,' as here used, does not import enmity or ill-will, but rather imports that the claimant is in possession as owner, in contradistinction to holding in recognition of or subordination to the true owner. 2 C. J. 122."

Judgment affirmed.

TOLMAN, C. J., PARKER, MAIN, MILLARD, BEELER, and HOLCOMB, JJ., concur.

BEALS, J., dissents.