[No. 9494.   Department One.   June 9, 1911.]

## JOSEPH MILBANK, *Appellant*, v. CHARLES ROWLAND *et al.*, *Respondents.*[1]

ADVERSE POSSESSION—BOUNDARIES — MISTAKE — HOSTILE CLAIM—EVIDENCE—SUFFICIENCY. That frame buildings extended three and one-half inches over onto the adjoining lot of another does not show an adverse claim to the land occupied, where it appears that the exact location of the line was not known when the lot was first acquired, and on replacing part of the buildings along the line, a survey was made and a brick building was erected on that part of the true line, and the agent of the owner agreed to remove the other buildings.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered January 16, 1911, upon findings in favor of the defendants, in an action for injunctive relief and to quiet title.   Affirmed.

*Fogg & Fogg*, for appellant.

*Boyle, Warburton & Brockway*, for respondents.

MOUNT, J.—The plaintiff brought this action, claiming to be the owner of a strip of land about three and one-half inches in width across the north side of lot 16 in block 1305, map of New Tacoma, and to restrain the defendants from erecting a building upon this strip.   The plaintiff claimed ownership of the strip of land in question by reason of alleged adverse claim for a period of more than ten years. The defendants denied ownership in the plaintiff, and alleged ownership in themselves, and prayed to have their title quieted.   On the trial of the case to the court without a jury, the trial court found that the plaintiff had made no adverse claim, and entered a judgment in favor of defendants.   Plaintiff has appealed.

It appears from the record, that the plaintiff personally has never seen the land in question; that all his business in

[1]Reported in 115 Pac. 1053.

the city of Tacoma, both in buying and improving the real estate, has been conducted by agents, who have managed and controlled his property; that in the year. 1894, through his. agents, he purchased lot 15 in block 1305. This lot lies immediately to the north of lot 16 in the same block, lot 16 being owned by the defendants. Both lots extend through from C street to Commerce street. At the time the plaintiff purchased lot 15, some frame buildings were located upon it. These buildings stood over the south line of lot 15, about three and one-half inches on lot 16. The exact location of the lot lines was not known. In the year 1904, the frame building standing on lot 15, and which faced upon Commerce street, was replaced by a brick building, which was erected by the plaintiff's agents. At the time this brick building was constructed, the true line was surveyed and located, and the brick building was placed upon the true line. The building extended about one-half the length of the lot.

In 1910, defendants, preparatory to erecting a four-story brick and cement building upon lot 16, caused the line between lots 15 and 16 to be surveyed, and discovered that the frame building facing upon C street extended over onto lot 16 about three and one-half inches. Defendants immediately notified plaintiff's agent of that fact, and requested them to move the frame building off of lot 16. The defendants' evidence is to the effect that the agent of plaintiff promised to do so, but later, after discovering that this would cost about $900, declined to do so, and then for the first time claimed to own the strip by adverse possession. The plaintiff's agent denied that he promised to remove the building, but we think the weight of the evidence is to the effect that plaintiff's agent promised to do so, and that no open or other claim of ownership was ever made by the plaintiff to the strip of land prior to that time. This fact, taken in connection with the removal of the frame building facing on Commerce street, and replacing the same by a permanent structure on the true line between the lots, indicates to us that there has never been any

adverse holding of the strip in dispute, but that the plaintiff intended to claim only to the true line. The rule governing this case is stated in *Noyes v. Douglas,* 39 Wash. 314, 81 Pac. 724:

"If one by mistake inclose the land of another, and claim it as his own, his actual possession will work a disseizure, but if, ignorant of the boundary line, he makes a mistake in laying his fence, making no claim, however, to the lands up to the fence, but only to the true line as it may be subsequently ascertained, and it turns out that he has inclosed the lands of the adjoining proprietor, his possession of the land is not adverse."

We are satisfied that the circumstances stated above show that the plaintiff or his agents did not intend to claim more than up to the true line, and therefore, the plaintiff's holding was not adverse. The judgment is therefore affirmed.

DUNBAR, C. J., PARKER, GOSE, and FULLERTON, JJ., concur.