[No. 9364. Department One. June 27, 1911.]

SAMUEL RITTER WILKESON *et al., Respondents,* v.
GEORGE L. MILLER, *Appellant.*[1]

EJECTMENT—PLEADING — COMPLAINT — TITLE AND POSSESSION. A complaint to recover the possession of real estate, setting forth the nature of plaintiffs' title, as required by Rem. & Bal. Code, § 793, is sufficient without alleging that the plaintiffs were seized and possessed of the premises within the statutory period for commencing the action.

ACTIONS—MISJOINDER OF CAUSES—QUIETING TITLE—EJECTMENT. It is not a misjoinder of legal and equitable causes of action to sue to quiet title to several tracts, and to recover possession of part thereof in the possession of the defendant.

Appeal from a judgment of the superior court for Pierce county, Shackleford, J., entered June 8, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action of ejectment. Affirmed.

*J. W. A. Nichols,* for appellant.

*E. R. York,* for respondents.

FULLERTON, J.—This is an action brought to recover the possession of real property. In their complaint the plaintiffs alleged title in fee to the property in themselves, deraigned through mesne conveyances from the United States of America; that they were entitled to the possession of the property; that the defendant was wrongfully in possession of

[1]Reported in 116 Pac. 268.

a part thereof (describing it), holding without right, title, or color of title, and wrongfully and unlawfully claimed title to, and interest in, and right of possession of, the whole of the property described; that they had demanded possession of the property from the defendant, but that the defendant had refused to deliver up or surrender the property to them; and that they had been damaged by the withholding of possession on the part of the defendant in the sum of $100. In the prayer to the complaint the plaintiffs asked for a judgment awarding them possession of the property, that their title thereto be quieted, and that they have judgment in the sum of $100 as damages for the wrongful detention of the property by the defendant.

A demurrer was interposed to the complaint on the grounds that it did not state facts sufficient to constitute a cause of action, and that several causes of action were improperly united therein. The demurrer was heard and overruled by the court, whereupon the defendant answered, putting in issue the allegations of the complaint and setting up new matter as an affirmative defense. To the answer a reply was filed, and on the issues thus made a trial was had, which resulted in a judgment in favor of the plaintiffs.. This appeal followed.

But one question is suggested by the record: namely, did the court err in overruling the demurrer. It is argued first that a complaint to state a cause of action for the recovery of real property must allege: "that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the premises in question within ten years before the commencement of the action," and that the complaint here contains no such allegation. The language above quoted is taken from the code prescribing the limitations for the commencement of actions for the recovery of real property, and although somewhat different from the ordinary statute in such cases, has never been thought to require a different form of the allegation setting forth the interests of the plaintiff than that commonly

used. In fact the code elsewhere makes it sufficient, in an action to recover possession and quiet title to real property, for the plaintiff to set forth in his complaint the nature of his estate, claim, or title to the property in question. Rem. & Bal. Code, § 793. And under this section we have repeatedly held complaints in the form followed by the plaintiffs in this instance sufficient. Moreover, this precise question was before this court in the early case of *Balch v. Smith*, 4 Wash. 497, 30 Pac. 648, concerning which it was said:

"The argument of the respondents upon the first proposition is that it nowhere appears from the complaint that the plaintiffs were seized or in possession of the premises within ten years next prior to the commencement of the action. Their contention in that behalf is that under the peculiar wording of our statute it is necessary to allege actual possession of the premises within the statutory period whether or not any other person is shown to have been in adverse possession thereof. The allegations of this complaint show that the ancestor of these plaintiffs died seized and possessed of the premises, but there is no allegation that these plaintiffs or any of them had ever been in possession thereof. Conceding for the purpose of the discussion of this question, that the allegation that these plaintiffs were the heirs of such deceased party established their capacity to sue, we think the allegation as to possession was sufficient. In our opinion our statute of limitations is like that of most of the other states, one of adverse possession, and under it the rightful owner of real estate is seized of the same, whether or not he is in actual possession thereof, unless the same is in the actual adverse possession of some other person. This being so, it follows that when ownership and seizin is once shown it will be presumed to have continued until such presumption is overcome by allegation and proof of adverse possession in some one else. The fact was sufficiently alleged that the ancestor had been seized of the premises and until something appeared to overcome the presumption of such seizin, it would have force in behalf of such ancestor, or those holding under him."

The lands were described in the complaint in accordance with the government surveys and contained some four differ-

ent legal subdivisions, while it was alleged that the defendant was in actual possession of only a part of one such subdivision although he claimed title to each of the several subdivisions mentioned. Based on this fact, it is contended that several causes of action have been improperly united, since, as it is claimed, ejectment is the remedy against one wrongfully in possession, while an action to quiet title under the code is the remedy for wrongful and illegal claims of interest in property. But the contention, while it may find support in the earlier decisions of the court, was determined adversely by this court in *Carlson v. Curren*, 48 Wash. 249, 93 Pac. 315. We there held that it was not a misjoinder of legal and equitable causes of action to sue for a recovery of the part of the land of which the defendant was in possession and to quiet title against his wrongful and unlawful claims to the whole; this, on the principle that equity, having jurisdiction for one purpose, may do complete justice between the parties.

The judgment is affirmed.

DUNBAR, C. J., GOSE, PARKER, and MOUNT, JJ., concur.