[No. 16762.  Department Two.  March 23, 1922.]

A. DONALD CAMERON, *Respondent*, v. MILDRED C. BUSTARD *et al., Appellants.*[1]

ADVERSE POSSESSION (26, 31, 41)—HOSTILE ENTRY—CLAIM OF RIGHT—EVIDENCE—SUFFICIENCY. There was no entry upon vacant real estate under a claim of right which could ripen into title by adverse possession, by one who, contemplating the acquisition of title by tax foreclosures, sought from the owner and her agent permission to enter upon and occupy the premises, and receiving no reply, moved in and made improvements, later acquiring tax certificates and filing a complaint in foreclosure in which it was alleged that the true owner was "the owner" of the premises and had abandoned the same.

ABANDONMENT—REAL PROPERTY—EFFECT OF TITLE. Perfect legal title to real property is not lost by abandonment.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered June 4, 1921, upon findings in favor of the plaintiff, in an action to quiet title, tried to the court.  Reversed.

*Browder Brown* and *J. W. A. Nichols,* for appellant.
*Louis J. Muscek,* for respondent.
*W. C. Elliott,* for defendant Ella M. Buck.

MAIN, J.—The plaintiff brought this action to quiet title to certain real property of which he was in possession and which he claimed to own.  The defendant Mildred C. Bustard denied the plaintiff's right, and asserted ownership to the property.  On the issues

[1]Reported in 205 Pac. 385.

thus framed, the case came on for trial, and resulted in a judgment sustaining the plaintiff's title. From this judgment, Mrs. Bustard appeals.

Mrs. Bustard was the record owner of the property and, prior to the fall of 1909, had occupied it as a residence. From the latter part of the year 1909 until October, 1910, the property was vacant and unoccupied, Mrs. Bustard having moved to Portland, where she resided continually up to the time of the trial of this action. The respondent claims title by deed from Mrs. Ella M. Buck, which was executed on May 29, 1920. In the fall of 1910, the property being vacant, Mrs. Buck went into possession of it and remained there until a short time before she sold and conveyed the same to the respondent. The respondent's title rests upon adverse possession, claimed to have been open and notorious and under claim of right for more than ten years, or from the time that Mrs. Buck entered into the possession thereof.

In 1912, Mrs. Buck purchased certificates of delinquency which were against the property and thereafter began foreclosure of the same. As the result of such foreclosure, she received a deed dated February 20, 1915. For reasons which it is not necessary here to detail, the foreclosure proceeding was void and no rights are asserted by the respondent from that source. If the respondent prevails, it must be by reason of the fact that title had been acquired by adverse possession for a period of ten years. It will be admitted that all the elements of adverse possession are present and that the respondent is entitled to prevail, providing that Mrs. Buck, when she entered the property, entered under claim of right, and continued to occupy the same under a claim of right, prior to the time that she received the deed as a result of the tax foreclosure.

Inquiry will first be directed as to whether she entered the property under claim of right. Before she entered, she sought out and interviewed a Mr. Gregory, who had formerly been the agent of Mrs. Bustard and from whom she sought permission to occupy the property. She also received from him the address of Mrs. Bustard in Portland, to whom she wrote a letter with reference to occupying the property, but no answer was received to this letter. The property at this time was in a somewhat delapidated condition and the city authorities would not permit its being occupied as a residence unless it was put in a sanitary condition. Upon cross-examination, Mrs. Buck testified that, when she entered the property, it was her purpose to acquire title through a tax foreclosure. Upon redirect examination, she modified this to some extent and stated that the property had been vacant a while and she "just moved in", and the fact that it was vacant was what caused her to move in. On recross-examination, she testified:

"Q. Did he give you authority as her agent to move into the house? A. He says, 'Mrs. Buck, I cannot rent the place because there is no sewer there; there is no toilet; the city had condemned it.' I said, 'If I can fix that up with the city have I your permission?' 'Sure', he said, 'You have my permission.' "

Thereafter, Mrs. Buck occupied the property, put it in a sanitary condition, made improvements upon it from time to time, and from the time that she acquired the tax certificates in 1912, paid the taxes and assessments which were levied against it. The complaint in the tax foreclosure proceeding was signed and verified by Mrs. Buck on the 29th day of March, 1913. The defendants named therein were Mrs. Bustard and the unknown owners if any. In the complaint it is recited that the defendants, one of whom was Mrs. Bustard,

were the owners or the reputed owners of the property.

If Mrs. Buck did not enter under claim of right, and did not assert a claim of right prior to the time of the verification of this complaint, the respondent's title must fail. When one enters into the possession of property the title to which is in another, there is a presumption that such entry is in subordination to the title of the real owner, and it is necessary that a hostile intent or a claim of right must be shown. *O'Donnell v. McCool*, 89 Wash. 537, 154 Pac. 1090.

The evidence in this case will not sustain a finding that Mrs. Buck entered the property in 1910 under a claim of right, or that she asserted a claim of right prior to the tax foreclosure proceeding. The allegation in the complaint in the tax foreclosure to the effect that Mrs. Bustard was the owner, which complaint, as above stated, was signed and verified by Mrs. Buck, is pursuasive evidence that, up to that time, she had not held the premises by a claim of title hostile to that of Mrs. Bustard. *City of Cleveland v. Cleveland, C., C. & St. L. Ry. Co.*, 93 Fed. 113. On the matter of the claim of right, as we view it, the evidence goes no further than that Mrs. Buck, knowing the property was vacant in the fall of 1910, sought possession from one who she thought was the agent, and also from the owner. After having sought a right to enter and having received no reply from the owner, she went into possession, made improvements and purchased the tax certificates. The evidence fails to show a claim of right prior to the tax foreclosure. In the respondent's brief, there is frequent reference made to the fact that Mrs. Bustard had abandoned the property when she vacated it in the fall of 1909 and went to Portland to reside, but the law is that a perfect legal title to corporeal real property cannot be lost by abandonment. 1 C. J. 10. The appellant was

entitled to a judgment quieting her title and placing her in possession of the property.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment as herein indicated.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.