[No. 17180.   Department One.   October 5, 1922.]

JOHN G. EGLESKI *et al., Appellants,* v. PETER STROZYK *et al., Respondents.*[1]

BOUNDARIES (14-16)—AGREED LOCATION—RECOGNITION AND AC-QUIESCENCE. An adjoining land owner can not question the correct-ness of a survey fixing a boundary line where it was agreed to and a line fence built, and acquiesced in by uninterrupted exclusive use and occupancy for more than eighteen years, under claim of absolute ownership to the line.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered September 24, 1921, upon findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*E. S. Snelling,* for appellants.

*John I. O'Phelan,* for respondents.

MITCHELL, J.—The defendants, Peter Strozyk and wife, are the owners of the southeast quarter of the southwest quarter of section 2, township 12, north, range 7, west W. M. The plaintiffs, John G. Egleski and wife, are the owners of the adjoining lands to the east. This suit was brought to try out the title to a strip of land at the boundary of the two tracts, thirty-eight feet wide at the north end and thirty-six feet wide at the south end, running north and south the distance of the forty-acre tract. The findings and conclusions of the trial court were for the defendants, and from a judgment thereon, the plaintiffs have appealed.

The respondents purchased under a real estate con-tract and entered into the possession of their forty acres in 1898. About the year 1901, the land now owned by the appellants belonged to Vincent Prosieloski. De-

[1]Reported in 209 Pac. 708.

siring to fix the line between their properties, Strozyk procured the services of a surveyor, who, with the assistance of both Strozyk and Prosieloski, established the line to the satisfaction of both owners. Thereupon, in a very short time, a fence was built upon the line as surveyed, and has been maintained as a line fence at all times since. Strozyk, it appears, built most, if not all, of the fence. He obtained a deed to his property in January, 1904.

In July of the same year, the appellants purchased the property now owned by them from Prosieloski and wife, and at the time of purchase were shown the line fence by their vendor. It happened that thereafter appellants, from time to time, at the expense of both material and labor, assisted in the upkeep and repair of the fence. During all these eighteen or nineteen years after the fence was built, the respondents, without molestation or denial until this suit was brought, have partially cleared their land, including the strip in question, and have cultivated it in garden and the growing of hay up to and along the west side of the fence; and by a written lease dated June 26, 1909, conveyed to a third person a logging right of way that was used by the lessee for two years thereafter across the strip of land. Thus possession of and the right to the forty acres continued. In March or April, 1920, the appellants, without being joined by the respondents, had a new survey made which indicated that the division line was thirty-six to thirty-eight feet west of the fence theretofore built, and shortly thereafter, May, 1920, this suit was commenced. It may be mentioned it clearly appears that section two is short in area, and that the last survey of the property in dispute, made for the appellants, was lacking in essential particulars for the purpose of reasonable accuracy. But let this

last be as it may. In 1901 the adjoining landowners located the division line for the purpose of making it the boundary line, and thereafter there was no controversy as to the continued, uninterrupted occupancy by the respondents of the strip of land now in controversy for a period of more than eighteen years. The respondents' claim and dominion over it was not only agreeable to his neighbor, but exclusive and inconsistent with any other theory than the claim of absolute ownership.

We are satisfied that, by all the authorities, which need not be cited, whether by agreement between the parties, or by the exclusive use by the respondents and a claim of ownership of the disputed territory, appellants will not be permitted to become dissatisfied at the end of a condition of satisfaction on the part of themselves and their predecessors in interest for so long a time and now successfully challenge the limits of the adjoining proprietor's lands.

Judgment affirmed.

PARKER, C. J., TOLMAN, BRIDGES, and FULLERTON, JJ., concur.