[No. 20940.  Department Two.  April 4, 1928.]

ROSE ALICE SANTMEYER, *as Executrix, Respondent,* v. W. F. CLEMMANCS *et al., Appellants,* MINNIE SCHWEITZER, *Defendant.*[1]

[1] JURY (8)—RIGHT TO JURY TRIAL—LEGAL AND EQUITABLE ISSUES IN SAME ACTION. In an action of ejectment, where the answer sets up an express trust as a defense, it was not error for the court to deny a jury trial.

[2] EJECTMENT (25)—COMPLAINT—TITLE AND POSSESSION. A complaint to recover real estate which sets forth the nature of plaintiff's title is sufficient without alleging that plaintiff was seized and possessed of the premises within the statutory period for commencing action.

[3] ADVERSE POSSESSION (26, 41)—HOSTILE CHARACTER—EVIDENCE— SUFFICIENCY. The presumption of acquisition by defendants of title to real property by adverse possession by reason of residence thereon for the statutory period is overcome by evidence showing that plaintiff had at all times paid the taxes on the property, had insured the property continuously in his name, and that he had made substantial improvements thereon.

[4] EJECTMENT (47)—RENT AS DAMAGES. In an action of ejectment against parties illegally claiming title, the occupants of premises are liable for the rent and profits from the time they had notice of the adverse claim.

Cross-appeals from a judgment of the superior court for King county, Steinert, J., entered June 7, 1927, upon findings in part in favor of plaintiff and in part in favor of defendant, in an action of ejectment, tried to the court. Affirmed on both appeals.

[1]Reported in 266 Pac. 148.

*Shank, Belt & Fairbrook,* for appellant.

*Howe & Graham* and *James B. Howe, Jr.,* for respondent and cross-appellant.

MAIN, J.—The plaintiff as executrix of the last will and testament of Walter J. Santmeyer, deceased, brought this action to recover possession of, rent for, and quiet title to, certain real property. The defendant Minnie Schweitzer filed a disclaimer. The other defendants, W. F. Clemmancs and Lavinia V. Clemmancs, who will be referred to as though they were the only parties defendant, answered, in which they pleaded an express trust and adverse possession. The defendants paid the jury fee and demanded a jury trial, which was refused. The cause was tried to the court without a jury and resulted in findings of fact and conclusions of law sustaining the demands of the plaintiff's complaint. From the judgment entered the defendants appealed. The plaintiff cross-appealed from that part of the judgment which fixed the amount of the rent that she was entitled to. Both parties having appealed, they will be referred to throughout as plaintiff and defendants.

The facts necessary to be stated are these: July 13, 1901, Walter J. Santmeyer and Marian J. Santmeyer were husband and wife, and on this day there was conveyed to Mr. Santmeyer title to lots 14 and 16 in block 8 in Denny and Hoyt's Addition to the city of Seattle. Soon thereafter Mr. Santmeyer constructed a house upon lot 16. After the house was completed the defendants, who were brother and sister respectively of Mrs. Santmeyer, lived in the house with the Santmeyers as members of the family. The son of Mr. and Mrs. Santmeyer was also a member of the family as well as Miss Schweitzer. All parties continued to live together in the house until June 16, 1912, when

Mrs. Santmeyer died. Prior to her death, she and her husband had entered into an agreement by which the title to the property here involved passed to him in the event of her death. After the death of Mrs. Santmeyer, Mr. Santmeyer continued to live in the house with the other persons mentioned for a little more than a year, when he again married. This marriage was not successful and a divorce was later obtained. June 13, 1923, Mr. Santmeyer married the plaintiff in this action. January 23, 1926, he died. Prior to his death he made a will devising and bequeathing all of his property to the plaintiff, except some minor bequests. Mr. Santmeyer had not resided in the house with the other parties since the year 1914, when he married the second Mrs. Santmeyer. The defendants continued to reside on the property. By the will of Mr. Santmeyer, the plaintiff was named as executrix. February 4, 1926, the will was duly probated and Rose Alice Santmeyer, the plaintiff, qualified as executrix. Thereafter and during the month of October of that year, she brought the present action for the purposes above stated.

[1] The defendants first contend that the court erred in denying them a jury trial. As stated, the answer pleaded an express trust and adverse possession. The defendants say that the sole purpose of pleading the express trust was to show the initiation of the defendants' claim of right. In determining the nature of the trial, the court looks to the entire pleadings. *Lindley v. McGlauflin*, 57 Wash. 581, 107 Pac. 355. When the trial court passed upon the motion for a jury trial, it had before it only the pleadings, and finding an express trust pleaded in the answer it was not error to deny a jury trial.

[2] The defendants next contend that the plaintiff cannot prevail, because it does not appear that Mr.

Santmeyer was seized or in possession of the property within ten years prior to the commencement of the action. Section 156, Rem. Comp. Stat. [P. C. § 8161], provides that no action shall be maintained for the recovery of real property, unless it appears that the plaintiff, his ancestor, predecessor or grantor was seized or possessed of the premises in question within ten years before the commencement of the action. In *Wilkeson v. Miller,* 63 Wash. 680, 116 Pac. 268, quoting with approval to the same effect from *Balch v. Smith,* 4 Wash. 497, 30 Pac. 648, it was held that a complaint to recover possession of real property setting forth the nature of the plaintiffs' title was sufficient, without alleging that the plaintiffs were seized and possessed of the premises within the statutory period for commencing the action. The plaintiff had a right to maintain the action, even though Mr. Santmeyer was not in the actual possession of the property at any time during the ten years next preceding the commencement thereof.

[3] The next and principal question upon the defendants' appeal is whether they acquired title by adverse possession. Possession, to be adverse, must be actual and uninterrupted, open and notorious, hostile and exclusive, and under a claim of right made in good faith. *Skansi v. Novak,* 84 Wash. 39, 146 Pac. 160. It will be admitted in this case that the possession of the defendants was actual and uninterrupted, open and notorious, for the statutory period. The controlling question is whether that possession was hostile and exclusive. The evidence in support of this contention by the defendants was largely from witnesses to whom statements had been made by Mr. Santmeyer in his life time or who had overheard conversations with him and one of the defendants. The evidence is to this effect, that Mr. Santmeyer wanted the de-

fendants to move and that they refused; that he wanted to bring the wife whom he had married to live in the house, and this they denied; that he wanted to get the defendants to move to a place out north of the city, and this was refused; that he approached mutual friends with the view to having them use their influence to have the defendants move from the premises; and there was some further evidence to like effect. As against this, the plaintiff showed that at all times Mr. Santmeyer had paid the taxes upon the property; that he had insured the house in his own name continuously and had paid the premiums and that within two years prior to his death he had made substantial improvements upon the house, one item of which amounted to one hundred and forty-four dollars and the other to approximately fifty dollars.

The burden was upon the defendants to establish adverse possession for more than ten years. *Skansi v. Novak,* 84 Wash. 39, 146 Pac. 160, *supra.* When one enters into possession of property the title to which is in another, there is a presumption that such entry is in subordination to the title to the real owner, and it is necessary that his hostile intent be shown. *Cameron v. Bustard,* 119 Wash. 266, 205 Pac. 385. The presumption that one entering upon property of another does so in subordination to the title of the real owner is a valuable property right. *People's Savings Bank v. Bufford,* 90 Wash. 204, 155 Pac. 1068. If the defendants were in hostile and exclusive possession of the property, it does not seem that they would have permitted Mr. Santmeyer to have entered the possession for the purpose of making the improvements. This was inconsistent with their claim of hostility and exclusiveness. The acts of Mr. Santmeyer in maintaining the insurance, paying the taxes and making the improvements clearly indicate that he did not

understand that the defendants were claiming in hostility to his rights. The evidence by the defendants, being largely from witnesses testifying to statements having been made by Mr. Santmeyer in his life time, must be weighed with care. Considering all the evidence in this case, it cannot be said that the defendants sustained the burden of proof which the law places upon them. They did not acquire title to the real property here involved by adverse possession.

[4] Upon the plaintiff's cross-appeal, it is claimed that the court should have allowed her rent for the premises from the time that she qualified as executrix rather than from the commencement of the action. The defendants entered into possession of the property with the consent of Mr. Santmeyer and were in good faith claiming title thereto and the right to possession. The defendants were therefore liable for rents and profits from the time they had notice of the adverse claim. There is a note to the case of *Clarkson v. Hatton,* 143 Mo. 47, 65 Am. St. 635, which states the law as follows:

"The computation of rent against a *bona fide* occupant should begin from the filing of the bill in ejectment, but against a *mala fide* possessor, from his entry, if within the period prescribed in the statute of limitations for actions for mesne profits: *Pugh v. Bell,* 2 T. B. Mon. 125; 15 Am. Dec. 142. The defendant is liable for rents and profits from the time that he had notice of the adverse claim: *Whitledge v. Wait,* Sneed 335; 2 Am. Dec. 721, and note. See *Byers v. Fowler,* 12 Ark. 218, 54 Am. Dec. 271."

In the case now before us, it does not appear that the defendants had notice of the adverse claim of the plaintiff prior to the time that the action was instituted. The trial court did not err in only allowing rent from that time. It is true, as held in the cases of *Lewiston Water & Power Co. v. Brown,* 42 Wash. 555, 85 Pac.

47, and *Joy v. McKay,* 70 Cal. 445, 11 Pac. 763, that notice to quit or a demand for possession was not necessarily a condition precedent to the right to maintain the action, but those cases deal with the question of the right to maintain the action and not with the question as to when the one in possession will begin to be charged with rent. The case of *Lazarus v. Phelps,* 152 U. S. 81, is distinguishable in that there the defendant did not make use of the plaintiff's property in good faith under a claim of right.

Upon both appeals, the judgment will be affirmed. Neither party in this court will recover costs as against the other.

MACKINTOSH, C. J., HOLCOMB, FULLERTON, and ASKREN, JJ., concur.