[No. 21151. Department Two. July 9, 1928.]

GEORGE M. WELLS *et al., Respondents,* v. NELLIE G. PARKS *et al., Appellants.*[1]

[1] ADVERSE POSSESSION (25, 41)—EXTENSION TO BOUNDARIES—EVIDENCE—SUFFICIENCY. The burden of showing adverse possession under a claim of right for ten years, to a strip a few inches wide along a boundary line, deviating from the true direction, is not sustained where proof was wanting as to a claim of right at the time a fence was originally built, it appearing probable that one end of the line had tended to shift with the natural slope of the ground, and the footing of a retaining wall now encroaching had been laid on the true line.

[2] EQUITY (37-2)—DE MINIMUS NON CURAT LEX—BOUNDARY LINE. The principle of *de minimus non curat lex* can not be applied to the case of a retaining wall encroaching a few inches on a boundary line of a city lot.

Appeal from a judgment of the superior court for King county, Hall, J., entered November 21, 1927, upon findings in favor of the plaintiffs, in an action for injunctive relief, tried to the court. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellants.

*Palmer, Askren & Brethorst,* for respondents.

BEALS, J.—Plaintiff George M. Wells is the owner, and plaintiffs McGuire are the tenants in possession, of lot 5, block 14, Frank Pontius' Supplemental Ad-

¹Reported in 268 Pac. 889.

dition to the city of Seattle; defendants being the owners of the east half of lot 6 in the same block, defendants' property adjoining the east half of plaintiffs' lot on the south. This action was instituted by plaintiffs for the purpose of procuring a mandatory injunction requiring defendants to remove from plaintiffs' property a portion of a concrete bulkhead erected by defendants, which bulkhead encroaches upon the true dividing line between said properties, as found by the trial court, a distance of 0.25 feet at its easterly edge, increasing gradually to a distance of 0.7 feet at its westerly edge. Defendants, in their answer, admit the record ownerships of the respective properties as alleged in the complaint, and allege affirmatively their title to the disputed fraction by adverse possession thereof.

The trial resulted in a decree in plaintiffs' favor, based upon a finding that the bulkhead constructed by defendants encroaches upon lot 5, and directing that defendants, within sixty days, remove the encroachment from plaintiffs' premises. Plaintiffs' damages were fixed in the sum of one dollar, for which sum, together with costs, plaintiffs were awarded judgment. From this decree, defendants have appealed to this court, asserting that the trial court erred in finding that their retaining wall or bulkhead was constructed to any extent upon plaintiffs' property or encroached thereon, in directing that defendants remove any portion of said wall, and in allowing plaintiffs damages.

Appellants contend that the evidence requires the entry of a decree in their favor, adjudging that they have title by adverse possession to the portion of lot 5 covered by the bulkhead which they have constructed. The burden rests upon appellants to prove their title by adverse possession to the strip of land, the title to which is in question. They base their claim upon the

alleged line of a fence which for many years stood somewhere near the true boundary line between lots 5 and 6, and which appellants contend had, by reason of lapse of time, together with appropriate claims and possession on the part of themselves and their predecessors in interest, come to establish, as matter of law, the boundary between the properties.

Just when or by whom this fence was first erected is uncertain, but it was repaired or reconstructed from time to time as occasion required, and it appears that, on one occasion at least, new posts were put in alongside of the old posts which had rotted and been broken to such an extent that they no longer supported the rails and wire attached thereto. The fence was not exactly parallel to the true boundary, or even straight, bulging slightly towards the north and bending back towards the true line at its termini. It ran the entire length of the two lots and was evidently constructed along a line estimated by the eye rather than along a line marked by a tape. The bend towards the north can reasonably be accounted for by the fact that the land sloped in that direction, the fence was near the bottom of the incline, and, unless constructed with care, there would be a tendency for the line of the fence to sag and follow the contour of the ground. In 1920, the true boundary line between the properties was run for appellants by a competent surveyor, who indicated the four corners of appellants' property by marks on the ground and gave them a blue print of their land, showing its dimensions.

[1] In our opinion, appellants have failed to bear the burden which rests upon them to prove that the fence, which is the basis of their claim, was in the same position for ten years prior to the institution of this action, or that they themselves and their predecessors in interest had asserted a claim of ownership up to the

fence, irrespective of the true boundary line between the lots, for the period necessary to give them title by adverse possession to any land south of the fence and north of the true line. It seems highly probable that, within ten years prior to the institution of the action, the line of the fence had shifted north a few inches, probably sufficiently to embrace the fraction in dispute, in any event enough to justify the trial court in refusing to grant a decree in appellants' favor.

It is significant, as shown by a photograph which is a part of the record in this case, that, when appellants commenced the construction of the bulkhead, they caused the footing or foundation thereof to be placed entirely on lot 6, and then, as the wall increased in height, caused it to project or jog to the north, the projection corresponding with the line of the fence. If appellants at all times believed this line to be the northerly boundary of their property, it is difficult to understand why they constructed the bulkhead in such a manner.

The cases cited by appellants are not controlling in this action. It is especially true that questions involving the title to real property by adverse possession "cannot be decided, as a matter of law, without resort to the facts of the particular case;" *Johnson v. Ingram,* 63 Wash. 554, 115 Pac. 1073; and, without in any way departing from the principles of law laid down by this court in the cases of *Bowers v. Ledgerwood,* 25 Wash. 14, 64 Pac. 936; *Weingarten v. Shurtleff,* 51 Wash. 602, 99 Pac. 739; *King v. Bassindale,* 127 Wash. 189, 220 Pac. 777, and other cases cited by appellants, in our opinion, these cases are not decisive of the question before us for determination, the facts of each case being so different from the facts shown by this record as to render the rules laid down inapplicable to the situation now before us.

Possession of real property, in order to ripen into complete title thereto by adverse possession, must continue for the statutory period, ten years in this instance, and "must be actual and uninterrupted, open and notorious, hostile and exclusive, and under a claim of right made in good faith." *Santmeyer v. Clemmancs,* 147 Wash. 354, 266 Pac. 148. In our opinion, the record before us fails to show that appellants or their predecessors in interest had, for the statutory period, that actual possession of the strip of land to which they now assert ownership, which, coupled with the other elements·mentioned, would warrant a decree in appellants' favor.

[2] Appellants seek to invoke the principle *de minimis non curat lex,* but this maxim has no application to such a case as this. To establish by judicial decree an irregular side boundary line for a city lot may be a very serious matter to the parties concerned, as in case of the erection of a business block or apartment. house it would manifestly result in annoying building complications. This court, in the case of *Milbank v. Rowland,* 63 Wash. 519, 115 Pac. 1053, concerned itself over the adjudication of the title to a strip of land three and one-half inches in width, and in any event it is extremely doubtful whether the principle relied on by appellants is applicable to the positive and wrongful invasion of another's property. 18 C. J. 482; *Seneca Road Co. v. Auburn & Rochester Railroad Co.,* 5 Hill (N. Y.) 170. In the case of *Thornely v. Andrews,* 45 Wash. 413, 88 Pac. 757, involving title by adverse possession, this court referred to the maxim *"lex non minimum curat,"* but declined to apply that principle to the facts of the case under consideration. The case is, therefore, not authority for the application in this case of the doctrine relied upon by appellants.

The enforcement of the decree entered by the trial court will doubless result in considerable inconvenience to appellants, but that unfortunate fact constitutes no reason for denying to respondents their legal rights.

The judgment appealed from is affirmed.

FULLERTON, C. J., HOLCOMB, PARKER, and MITCHELL, JJ., concur.