[No. 22801. Department One. February 18, 1931.]

ANDREW M. WHITE *et al., Respondents,* v. PETE
BRANCHICK *et al., Appellants.*[1]

*H. J. Gielens,* for appellants.
*J. Charles Dennis,* for respondents.

HOLCOMB, J.—Respondents began this action to quiet title to certain lands described in the complaint, to enjoin appellants from trespassing thereon, and for damages for trespasses theretofore committed upon the lands claimed by respondents.

In their answer, in addition to a general denial of the trespass and the damage, appellants affirmatively allege that they are the owners of the south thirty-five feet of the southeast quarter of the southwest quarter of section 21, township 19, North, Range 6 E. W. M.

[1] Reported in 295 Pac. 929.

Appellants also allege that respondents had not commenced their action within the time limited by law. The affirmative defenses were denied by reply of respondents.

In 1911, appellants became the owners of record of lands in section twenty-eight, adjoining the lands claimed by respondents on the south. In 1928, respondents purchased from the Northern Pacific Railway Company, or its subsidiary, the Northwestern Improvement Company, a forty acre tract in section twenty-one, adjoining the lands of appellant on the north.

Appellants had constructed a sort of fence, consisting of poles in some places, brush in other places, and running very much at random along the line of least resistance, north of the south section line, which is the true boundary line between the different tracts of the parties. This fence was constructed wholly of materials procured upon the land of respondents. It was a very crooked fence, running anywhere from two feet to thirty feet north of the south boundary line of respondents' land.

After the trial of the case, the trial court found in favor of respondents for the sum of forty dollars damages for the destruction of timber, and granted an injunction, restraining further trespasses upon the lands of respondents by appellants, and quieting title in respondents to the entire tract purchased by them to the line. From the judgment awarding damages no appeal is taken.

In supporting their appeal, appellants contend that the court erred in not adjudging them to be the owners of the land north of the section line and south of the fence, known as the Branchick fence, and should have sustained their defense as to the statute of limitations.

After respondents acquired the land purchased by

them, finding that appellants were going upon their land and cutting timber and procuring fuel, respondents gave appellants written notice, on January 31, 1930, to discontinue cutting timber on the property. Respondents' grantor, the Northwestern Improvement Company, through its duly authorized officer, on February 12, 1930, also gave notice to appellants in writing, that the company had found that about one thousand feet of fence had been constructed by appellants on the land about thirty-five feet inside of the line, and also that a small tract of about two and one-half acres had been enclosed with another irregular fence. Appellants were notified that the forty acre tract had been sold to respondents, and appellants were requested to move their fences back to the section line, which was the boundary of the property.

Despite these notices, appellants again went upon the forty acre tract and cut timber therefrom, all of which timber was cut from other portions of the forty acre tract, and not within the strip of land claimed by appellants. After suit was instituted, appellants employed a surveyor, who fixed the true boundary line of the premises owned by the respective parties, as it was surveyed.

The only cultivation ever done by appellants on the strip in question, was about twelve years before the suit was instituted, when they planted some cabbages on a portion of the land. Otherwise, the land had not been cultivated and upon it grew only such grass as is found in the woods. No improvement had been made by appellants upon this particular strip since they purchased it, other than as above noted. The fence built by appellants did not run from one corner to another of the forty acre tract, and neither started from a corner nor went to any place in particular.

As the trial court observed, appellant husband never stated that his fence was built on the boundary line or indicated a boundary line; as a matter of fact, it could not indicate the boundary line, because it was so irregular. The only claim appellants ever made was that their property extended to the boundary line. The fence was not a permanent fence.

Appellants rely upon several of our cases, which are in no wise applicable.

*Egleski v. Strozyk,* 121 Wash. 398, 209 Pac. 708, was a case where a survey had been made, fixing the line, and agreed to by the parties. The line fence was then constructed and maintained as such line fence for more than eighteen years. In the case at bar, there was no agreed line and no fence constructed thereon. *Metropolitan Building Co. v. Fitzgerald,* 122 Wash. 514, 210 Pac. 770, was a case where, for more than thirty years, the fifty foot strip had been occupied, improved, fenced, and cultivated as part of the premises and under claim of ownership. In *King v. Bassindale,* 127 Wash. 189, 220 Pac. 777, the purchaser had been led to believe that a fence marked the true boundary between two lots, occupied the ground up to the fence for more than thirteen years, and claimed the land thereto under open, adverse and exclusive claim of right to possess the same. There is nothing to the contrary in the situation disclosed in *Kent v. Holderman,* 140 Wash. 353, 248 Pac. 882, cited by appellants.

Possession of land by another, under mistake as to the actual boundary, is not sufficient to defeat an action of ejectment by one holding the legal title, but who, owing to such mistake, has never had possession. *Phinney v. Campbell,* 16 Wash. 203, 47 Pac. 502; *Skansi v. Novak,* 84 Wash. 39, 146 Pac. 160; *Peoples Savings Bank v. Bufford,* 90 Wash. 204, 155 Pac. 1068; *Cameron v. Bustard,* 119 Wash. 266, 205 Pac. 385; *Davis v.*

*Kenney,* 131 Wash. 168, 229 Pac. 311; *Santmeyer v. Clemmancs,* 147 Wash. 354, 266 Pac. 148; *Wells v. Parks,* 148 Wash. 328, 268 Pac. 889.

Under the facts in this case, and the cases last cited, there can be no doubt but that the decree of the trial court was correct.

■ As to the statute of limitations applying to this action, which is Rem. Comp. Stat., § 156, providing for a ten year limitation on actions for the recovery of real property, or for the possession thereof, no argument is adduced by appellants, and no authorities cited.

However, it is clear that no conflict ever arose between appellants and the owner of the property now owned by respondents, with notice of any adverse claim to this strip, until 1930, when respondents themselves found appellants trespassing upon the land. They then notified appellants to cease trespassing, which would begin the operation of the statute of limitation.

Judgment is affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.