[No. 27163. Department Two. September 2, 1938.]

THE O'NEAL LAND COMPANY, *Respondent*, v. PATRICK JUDGE *et al.*, *Appellants*.[1]

*H. E. Foster*, for appellants.

*W. E. Heidinger*, for respondent.

ROBINSON, J.—This suit was brought to quiet title to, and recover possession of, certain land located in King county. The complaint set out three causes of action.

The defendants, appellants here, appeared generally by filing an answer. As this was a general denial and contained no affirmative matter, they thereby waived all formal objections, such as misjoinder, defect of parties, etc. Rem. Rev. Stat., § 263 [P. C. § 8350].

Upon trial of the issues, as finally made up by amended answer and reply, the lower court entered

[1]Reported in 82 P. (2d) 535.

judgment in accordance with the prayer of the complaint.

Many questions are raised by the appellants, but, in view of the fact that the record contains no statement of facts or bill of exceptions, only two can be considered, namely: Did the lower court have jurisdiction, and did the complaint state facts sufficient to justify the relief awarded?

It has already been shown that the action was concerned with land located in the county in which it was brought, and that the appellants made a general appearance. The lower court, therefore, had complete jurisdiction.

The complaint alleged, in substance, that the plaintiff was a domestic corporation, that it had paid its license fee last due, that it owned the land in fee simple, and, for a first cause of action, that one of the defendants had, in 1917, filed an instrument in the office of the auditor of King county giving notice of appropriation of water from a creek flowing through it, and later, in 1932, had filed notice of an assignment to other defendants of the water right so claimed. These were accompanied by further allegations which, if true, showed that the claimed water right was void *ab initio*.

The complaint alleged, as a second cause of action, that, in 1932, the defendants filed an instrument in the office of the auditor of King county whereby they claimed, by right of discovery, one hundred sixty acres of the land as a gold-bearing placer deposit, and the plaintiff further alleged that this instrument gave the defendants no rights whatever, but was void *ab initio*, since the land, at the time the instrument was filed, was owned by the plaintiff in fee simple. The third cause of action alleged that the defendants had unlawfully entered upon the land and were then holding posses-

sion thereof, and unlawfully excluding the plaintiff therefrom.

Alleging that it had no adequate remedy at law, the plaintiff prayed for a cancellation of the instruments mentioned in the first two causes of action, and further that its title to the land be quieted, and that the defendants be ejected therefrom. The relief was granted as prayed for.

■ It is contended by appellants that, if, as alleged, the instruments mentioned in the first two causes of action were void *ab initio,* and therefore of no effect, they constituted no cloud on the title, and, consequently, those causes of action would not lie. Whatever the rule may be in other jurisdictions, that is not the rule in this state. We quote from *Crowley v. Byrne,* 71 Wash. 444, 129 Pac. 113:

"It has been held, both by the territorial court and by this court, that a decree quieting title may be had notwithstanding the absolute invalidity of the claim or estate moved against. *Lemon v. Waterman,* and *Watson v. Glover, supra* [2 Wash. Ter. 485, 7 Pac. 899, and 21 Wash. 677, 59 Pac. 516]; *McGuinness v. Hargiss,* 56 Wash. 162, 105 Pac. 233."

See, also, *Bird Timber Co. v. Snohomish County,* 88 Wash. 90, 152 Pac. 689; *Wilson v. Stone,* 90 Wash. 365, 156 Pac. 12.

■ That the third division of the complaint states a good cause of action, is not open to question. *Balch v. Smith,* 4 Wash. 497, 30 Pac. 648; *Wilkeson v. Miller,* 63 Wash. 680, 116 Pac. 268; *Santmeyer v. Clemmancs,* 147 Wash. 354, 266 Pac. 148.

■ Neither can it be questioned that the plaintiff may quiet title and recover possession in the same action. Rem. Rev. Stat., § 785 [P. C. § 7517]; *Santmeyer v. Clemmancs, supra.*

In the absence of a statement of facts, the allegations of the complaint must be deemed to have been

established by the evidence. They fully support the judgment. It is accordingly affirmed.

STEINERT, C. J., BEALS, MILLARD, and BLAKE, JJ., concur.